## JACOB B. REUTCHLER, use, etc.,

### v.

## AUGUST C. HUCKE.

**1. SET-OFF.**—Defendant claimed a set-off against plaintiff's claim, for taxes paid by him at the request of plaintiff, but it not appearing that the defendant had paid the taxes, in any manner, or that he had become legally liable therefor, the set-off should not have been allowed.

**2. AGREEMENT TO PAY TAXES OF ANOTHER.**—On grounds of public policy no arrangement can be made between the collector and property owner, whereby the owner, or the property, can be discharged from liability by merely marking the taxes paid on the tax books.

**3. SET-OFF AGAINST AGENT.**—Where one deals with an agent, knowing the agency, he cannot set off a claim due him from the agent against a debt due the principal.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for plaintiff in error; that the defendant could not be allowed a set-off for taxes which he had not paid—only promised to pay—cited Pitzer v. Harman, 8 Blackf. 112.

An obligation to pay is not the same as actual payment, though in some cases the giving of negotiable paper has been so considered: Smalley v. Edey, 19 Ill. 207; Cunning v. Hackley, 8 Johns. 202.

Where one deals with an agent, knowing his agency, he cannot set off a claim due him from the agent, against a debt due to the principal: Waterman on Set-off, § 267; Wharton on Agency, § 466

Messrs. HAY & KNISPEL, for defendant in error; that plaintiff's second instruction was properly refused, because it was not based on the evidence, cited Lawrence v. Jarvis, 32 Ill. 305; 43 Ill. 147; 53 Ill. 419.

When a principal is not disclosed, and the agent contracts for himself, the principal can only claim subject to the equities applicable to the agent: Wharton on Agency, 405; Koch v. Willi, 63 Ill. 144; Wheeler v. Reed, 36 Ill. 81.

Persons dealing with an agent, supposing him to be principal, can take advantage of any set-off against the agent: Wharton on Agency, 465; Koch v. Willi, 63 Ill. 144.

If a principal permits an agent to act as if he were principal, he will be subject to any set-off against the agent: 2 Parsons on Contracts, 251; Waterman on Set-off, 321; Stinson v. Gould, 74 Ill. 80.

Where a person becomes bound to the payment of money for another, payment by negotiable paper or securities will be considered equivalent to payment in cash: Ralston v. Wood, 15 Ill. 159; Gillilan v. Nixon, 26 Ill. 50; Cox v. Reed, 27 Ill. 434; Wilkenson v. Stewart, 30 Ill. 48; Jewett v. Palmer, 7 Johns. Ch. 65.

Whether payment was intended is a question for the jury: 2 Greenleaf's Ev. 519.

Defendant is still liable to the city for the balance unpaid: Coons v. The People, 76 Ill. 383.

A demand against the plaintiff assigned to the defendant before commencement of suit, may be set off, although he has not paid for the same: Everitt v. Strong, 5 Hill, 163.

Agreement by a grantee to pay a prior incumbrance may be enforced against him: Rawson's Adm'r v. Popland, 2 Sandf. 251; 3 Barb. Ch. 166.

An obligee in a bond is not obliged to first pay the indebtedness, in case of failure of the obligor to perform, before bringing suit: Pierce v. Plumb, 74 Ill. 326.

Actual transfer of the debt in a banker's book with knowledge and consent of both debtor and creditor is equivalent to payment: Eyles v. Ellis, 4 Bing. 112.

BAKER, J. This was an action of assumpsit, prosecuted by Jacob B. Reutchler, who sued for the use of the People's Bank of Belleville, against August C. Hucke. The declaration contained the common counts. The defendant filed the general issue, and gave special notice that he would prove on the trial that before the suit was commenced he paid, laid out and expended for plaintiff, at his special instance and request, $1,250, the said sum being so paid by defendant for the taxes of plaintiff, due by him to the city of Belleville for the year 1874, and that defendant would set off said sum against the amount claimed in the declaration. The case was submitted at the January term, 1878, of the St. Clair Circuit Court, to a jury, and the jury returned a verdict in favor of the plaintiff, and assessed his damages at $298.49. The plaintiff thereupon moved the court for a new trial, which motion was overruled by the court, and judgment rendered upon the verdict. The plaintiff excepted to the ruling of the court in overruling the motion for a new trial, and brought the case to this court on a writ of error.

There are several errors assigned on the record. Among these are that the court erred in refusing to give plaintiff's second instruction; in giving the instruction hereinafter referred to, and in overruling the plaintiff's motion for a new trial.

The evidence shows that the defendant purchased from plaintiff a bill of nails amounting to $1,017.

In reference to the matter of set-off referred to in the special notice, the defendant Hucke testified upon the trial substantially as follows: "I was city tax collector of Belleville prior to 1876. Before that time Reutchler told me to mark his taxes paid when I settled with the city, and when I wanted my money I should come to him and get it. This was done two years in succession. I marked the tax books paid. Afterward Reutchler refused to pay me, and I bought these nails to get my money. I paid the city part of this tax. I settled with the

city, and I owe the city part of it yet. I am responsible to the city for it. The total amount of the taxes was $718.51. I offered Reutchler his tax receipts, and he refused them. He said he wouldn't pay his taxes. I have settled with the city, and Mr. Reutchler is discharged as far as the city is concerned. The city has the tax books."

Upon cross-examination he stated: "Reutchler came to me and told me he wanted me to pay his taxes in March, 1874. I was collector in 1875 and 1876. I didn't know that Reutchler would not pay me the taxes. It was after that I wanted a settlement with him. He put me off. I am to pay his taxes, and therefore I won't pay those notes. There has been an understanding that I am not to be bound unless I get the money out of Mr. Reutchler. I have paid over $100 of these taxes into the city treasury. How much over $100 I cannot say. I don't know whether I can say I have paid the money. I paid over all the money I collected and $100 more. That which I have not collected I have not paid, except about $100. I guess I have to pay the money yet. I only remember Mr. Reutchler refused to pay his taxes, and he owes them to me, and that is all I can remember distinctly."

In reference to this same matter of taxes Reutchler testified: "Some time in the early part of 1875 I went to Mr. Hucke and told him to make out my tax receipts and lay them by, and when I got ready I would pay them. I never told Mr. Hucke to pay my taxes. The year before he had made out my receipts and laid them by, and when I got ready I paid them. I never gave Hucke any authority to pay my taxes, and my property is still liable for it. I paid the tax in 1874. It was in 1875 I told Hucke to make out my receipts. I never paid Hucke this claim, nor did I pay any of the city taxes in 1875. They were considered illegal."

G. A. Willey testified that he was a member of the city council, and on the committee on collector's report; that there was no particular agreement about the taxes, but that the understanding with Hucke was that Hucke was to pay when he collected, if he did collect; that they were to remain a charge against Hucke in that way until he collected of Reutchler if

possible; that there was no resolution or ordinance, and that the council took no formal action that he recollected.

The court instructed the jury as follows:

"If the jury believe, from the evidence, that plaintiff told defendant to pay his taxes, and that defendant did pay his tax, or settled the same with the city, so as to make him legally and absolutely liable to the city for them, prior to the commencement of this suit, and has proved the amount so paid or settled by a preponderance of evidence, they, the jury, should allow defendant a credit on any claim plaintiff may have proved against defendant, if any has been proved."

To the giving of this instruction plaintiff excepted.

The jury allowed the plaintiff's claim for nails, $1,017, and the whole of defendant's set-off for taxes paid, $718.51, and returned a verdict for the plaintiff for the balance, $298.49.

The set-off should not have been allowed. Hucke has not paid this $718.51, either in money, property, negotiable paper or securities, or in any manner whatsoever, to the city. All that he has done is to make out the tax receipts, and mark the taxes paid on the tax books. He merely states that he paid over all the money he collected and about $100 in excess; but his own testimony, regarded as a whole, rather rebuts any presumption that he paid this excess specifically as a payment on Reutchler's taxes. Moreover, he states himself that he is not to be bound for the taxes unless he gets the money out of Reutchler. The set-off is for money paid for plaintiff, and we are unable to gather from the evidence that he has ever made payment in any mode. Even if the agreement was that Hucke was to pay the taxes, yet he has never done so, and the agreement made has not been executed by either party. 2 Greenl. Ev. § 519 et seq.; Smalley v. Edey, 19 Ill. 207; Ralston et al. v. Wood, 15 Ill. 171.

If the city has ever received these taxes, it is difficult to see from the evidence when, how and from whom it received them.

The above instruction given by the court was wrong, and it should not have been given, and it probably misled the jury. In it the jury was told that if the defendant settled the tax

with the city, so as to make himself legally and absolutely liable to the city, then the plaintiff was liable to defendant, thus leaving the jury to determine the question of law as to what constitutes a legal and absolute liability. When Reutchler refused to pay the taxes Hucke should have destroyed the receipts, and erased the entries of payment on the tax books, and proceeded to make the money out of Reutchler's property. The law designates what funds tax collectors shall receive in payment of taxes, and they are not authorized to receive either the promissory notes or verbal promises of the taxpayer in payment. If there is any legal liability on the part of Hucke to the city, which point we are not called upon to determine, it grows out of his own disregard of duty. At all events, he has never paid these taxes to or settled them with the city.

On grounds of public policy, no arrangement can be made between the tax collector and the property owner, whereby the collector can, by merely marking the taxes paid on the tax books, discharge either the owner or the property from liability. If these taxes ever were a valid charge against either the plaintiff or his property, they still continue such, unless discharged otherwise than by the facts here in proof.

An objection is also urged by the plaintiff in error to the ruling of the court, in refusing the second instruction asked by him. There can be no doubt of the correctness of the proposition, that where one deals with an agent, knowing of the agency, he cannot set off a claim due him from the agent against the debt due to the principal. This suit was instituted by Reutchler in his own name simply. Afterward, by leave of the court, the style of the cause was changed, so that he could prosecute still in his own name for the use of the bank. If Reutchler was agent and his principal was disclosed, then it would seem that this case would not be included in one of any of those classes of cases where suit can be brought in the name of the agent. Wharton on Agency and Agents, Ch. 14, § 428 et seq.

The theory of the instruction asked is inconsistent with the theory that the legal cause of action is in Reutchler. We are of the opinion that the plaintiff has no right to complain of the action of the court in refusing to give this instruction.

As the court erred in giving the instruction first referred to herein, and in overruling the motion for a new trial, the judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.