# WHEELING.

HUMPHREYS v. PATTON *et al.*

Submitted June 24, 1882—Decided December 16, 1882.

(*SNYDER, JUDGE, Absent.)

A tax-payer will not be allowed to offset the sheriff's personal indebtedness to him against the taxes due the State, county or district.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Monroe, rendered on the 13th day of October, 1876, in a cause in said court then pending, wherein A. R. Humphreys was plaintiff and James F. Patton and others were defendants, allowed upon the petition of said defendants.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decree appealed from.

The facts of the case are stated in the opinion of the Court.

*Frank Hereford, A. N. Campbell* and *Joseph D. Logan* for appellants cited the following authorities:  Hil. Tax, 421; 8 Mich. 132; Hil. Tax, 16, 17; 2 Abb. L. Dict. 539, 540; Hil. Tax. 17, 18.

*A. F. Mathews* and *A. C. Snyder* for appellee cited the following authorities:  Code, ch. 130 § 23; 14 W. Va. 94, 95; 8 W. Va. 245; 31 Gratt. 362; *Id.* 369.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In September, 1875, Alexander R. Humphreys filed a bill of injunction in the circuit court of Monroe county alleging, that he was assessed in the county of Monroe, with over six hundred dollars for State, county and district taxes for the year 1873 and over four hundred dollars for the year 1874; that tax-tickets for said years and for said amounts were placed in the hands of S. A. Clark, late sheriff of said county, for collection; that in July, 1875, said Clark died; that dur-

―――――――
*Cause submitted before Judge S. took his seat on the bench.

ing the years, in which said tax-tickets came into the hands of said Clark, he, the said Clark, was a dealer in cattle and purchased cattle of plaintiff; that at the instance and request of said Clark and by direction of plaintiff the purchase-money of a portion of the same was applied to satisfying the tax-tickets aforesaid; that plaintiff believed that the cattle-book, memoranda and other papers in the hands of J. F. Patton, administrator of the estate of said Clark, show, that the said sums had been wholly paid off and discharged with the exception of a balance of eighty-three dollars, which plaintiff is ready and willing to pay *upon receiving the credits* for the sums paid by him; that since the death of said Clark the tax-tickets for the years 1873 and 1874 have been placed in the hands of William Adair, late deputy sheriff and at present acting sheriff of Monroe county, who is now about to collect the same; that said tax-tickets with the exception of said eighty-three dollars have been wholly paid off and discharged and should have been surrendered and would have been given up, had said Clark lived; that plaintiff is threatened with the levy and sale of his property to satisfy said tickets. He prays, that Patton, administrator of Clark, deceased, and acting sheriff Adair be made defendants and required to answer, &c., that Patton be required to produce the cattle-book, memoranda, &c., and that the defendants be enjoined, &c.

The plaintiff was permitted to file an amended bill, in which he says, that the original bill was filed in great haste, and alleges, that the books of said Clark show, that the said taxes for the years 1873 and 1874 have been fully paid, and that they were paid in a manner different from that set up in the original bill; that during the years 1873 and 1874 said Clark and Robert J. Glendy were partners in the purchase and sale of cattle; that during each of said years the plaintiff sold cattle to Glendy & Clark for an amount of money greater than the taxes due from plaintiff; that said Clark as sheriff had in his hands sundry executions and other legal process, upon which he collected for plaintiff considerable sums of money; "that after the sale of said cattle and the collection of said executions, and about the time the taxes aforesaid became due and payable from plaintiff, the plaintiff and the said Clark made an agreement, that the said Clark

should retain the money collected by him on said executions and collect from said Glendy and Clark the money due to plaintiff on the cattle sold them as aforesaid and retain from the money so collected, after crediting the executions on said taxes a sum sufficient to pay off all the taxes due from the plaintiff for the years 1873, and 1874, as aforesaid; that in pursuance of said agreement said Clark did receive and collect from said Glendy and Clark the money due from them to the plaintiff, and the said Clark so informed the plaintiff and paid over to him a large sum of money, which he told the plaintiff was the sum coming to him over and above the amount retained by him as sheriff to pay the whole of said taxes; that plaintiff afterwards demanded from said Clark his tax-tickets, and Clark told him, that they were fully paid and perhaps overpaid, and as soon as he could get time to do so, he would hand them to the plaintiff, and before they were delivered to plaintiff, Clark died." He prayed, that the injunction be continued in force, &c.

Patton administrator, and Adair answered the bill, denying the material allegations of the bill, and insisting, that "a public officer will not be permitted to deal with the public revenues in satisfaction of his personal liabilities; that money alone can satisfy tax-tickets; and no unexecuted agreement of satisfying the taxes due by a citizen to the State, county and district authorities by the individual indebtedness and liability of the public collector to the taxpayer will be countenanced or tolerated." With the answer is exhibited a paper found among the papers of Clark, which would seem to show, that Clark was indebted to Humphreys in the sum of eighty-four dollars and forty cents after crediting him with the taxes of 1873 and 1874.

A number of depositions was taken in the cause, among them was the deposition of the plaintiff, which is excepted to, but in the view, which I take of this case it makes no difference, whether Humphreys' deposition is read or not. The fact as shown by the depositions is, that Clark was indebted to Humphreys in a greater amount than the taxes of 1873 and 1874 and that by said indebtedness the taxes were paid. True Glendy testifies that he settled with Clark for these cattle transactions at the end of each year and paid

the money to him, to be paid to the parties, from whom they had bought cattle, of whom Humphreys was one.

On the 13th day of October, 1876, upon a hearing of the cause the court perpetuated the injunction except as to seven dollars and two cents and gave costs against the administrator of Clark. From this decree upon petition of Patton, administrator, and Adair, an appeal with *supersedeas* was granted.

The only question to be decided is: Were the taxes of Humphreys for the years 1873 and 1874, paid? We will not consider, whether an injunction would lie in this case. There was no demurrer to the bill; and the point was not raised in the court below nor here. It is also unnecessary to decide, whether Humphrey's deposition is competent evidence, because it is of the same character as the other testimony in the case.

Does the record show, that the taxes were paid? This Court held in *Wiley v. Mahood,* 10 W. Va. 206, that, if an attorney had a claim for his client to collect, he could receive nothing but money without the consent of his client; and that if the attorney owed the debtor of his client, he could not settle his own indebtedness by giving up the claim of his client. If a debt could not be paid in that manner, in case of an attorney and a debtor of a client, it seems to us, that for a much stronger reason a tax-payer cannot be allowed to offset the personal indebtedness of the sheriff to him in satisfaction of a public demand against the tax-payer. In *Elliott v. Miller*, 8 Mich. 132, it was held: "Taxes are due to the public and not to the tax-collector individually, and claims against him are not a legal tender for or offset against such charges." The public cannot afford to wait for its necessary revenues until litigations like this are settled. A sound public policy as well as correct legal principle requires us to hold, that the tax-payer will not be allowed to offset the sheriff's personal indebtedness to him against taxes due to the State, county or district. The State must have her revenues, and she must not be delayed in collecting them by any settlements to be made of indebtedness from the sheriff to any tax-payer. Nor is it just to the sureties of the sheriff to permit the offsetting of the individual indebtedness of the sheriff to the tax-payer with taxes for which such sureties are liable.

The decree of the circuit court of Monroe county rendered on the 13th day of October, 1876, is reversed with costs to the appellant, J. H. Patton administrator of S. A. Clark, deceased, and this Court proceeding to render such decree, as the said circuit court ought to have rendered, the injunction is dissolved and the bill dismissed with costs.

JUDGES HAYMOND AND GREEN CONCURRED.

BILL DISMISSED.