# CHARLESTON.

## MILLER v. WISENER et al.

Submitted February 12, 1898—Decided April 20, 1898.

1. TAXATION—*Set-off—Individual Debts—Sheriff.*

    A taxpayer cannot set off the sheriff's individual indebtedness to him, even though the sheriff has settled with the State treasury for such taxes.   (p. 62.)

2. FORTHCOMING BOND—*Set-Off—Individual Debts—Sheriff.*

    No set-off of the sheriff's individual indebtedness can be allowed against a forthcoming bond given on the levy of taxes, under Acts 1893, c. 23.   (p. 60.)

3. CONTRACTS—*Public Policy—Sheriff—Attorney – Taxation.*

    A contract between a sheriff and a taxpayer, by which the taxpayer is to act as a sheriff's attorney at a fixed sum, to be applied on the taxpayer's taxes, is against public policy, and a court will not apply it as payment on the taxes.   (p. 61.)

4. CONTRACTS—*Statute of Frauds—Quantum Meruit.*

    A contract to render personal services for a longer term than one year is void, under the statute of frauds, and no suit can be maintained upon the contract itself; but, after performance of the

service, there may be recovery of its worth upon a *quantum meruit.* (p. 62.)

Error to Circuit Court, Berkeley County.

Action by Charles H. Miller against J. Nelson Wisener and others. Defendants had judgment, and plaintiff brings error.

*Reversed.*

FLICK, WESTENHAVER & BAKER and M. T. ENGLES, for plaintiff in error.

D. B. LUCAS and FORREST W. BROWN, for defendants in error.

BRANNON, PRESIDENT:

Charles H. Miller was sheriff of Berkeley County for a term of four years, commencing 1st of January, 1889, and had in his hands taxes against Wisener for 1889, 1890, 1891, and 1892. The legislature passed chapter 23, Acts 1893, providing that a sheriff of a former term should have power of distress for taxes unpaid, and gave the party whose property might be levied on the right to give a forthcoming bond, such as might be given in case of the levy of a *fieri facias* or distress warrant, and provided that such bond should be returned to the clerk's office of the circuit court, and that such proceedings might be had thereon as were provided in relation to forthcoming bonds under distress warrants, and that "defense may be made to a suit or motion upon such bond that the amount levied for is not due in whole or in part, or that the levy or distress is otherwise illegal." Miller levied the said taxes upon Wisener's property, and Wisener gave such forthcoming bond; and a motion for an award of execution on said bond was made by Miller in the circuit court of Berkeley, and Wisener filed plea of payment and specification of payment and set-offs. The case was tried, and, upon a demurrer to evidence, judgment was rendered for Wisener, and Miller comes to this Court by writ of error.

Wisener's defense is that, before the opening of Miller's term as sheriff, they made a contract by which Wisener was to act as counsel for Miller, as sheriff, for his term of

four years, for three hundred dollars per year, and that it was to be applied in satisfaction of Wisener's taxes. The question then comes up whether Wisener can get in his claim either as set-off or as payment. I will first inquire whether it can be admitted as a set-off. I think it cannot be, because public taxes are not liable to set-off. *Humphreys* v. *Patton*, 21 W. Va., 223. But it is contended that that rule of the common law cannot prevail in this case because of the wording of the said statute, when it says that defense may be made "that the amount levied for is not due in whole or in part, or that the levy or distress is otherwise illegal." I do not think that that provision will admit a set-off, because, before that act, it was not allowable, and the words of the act do not create a new defense; nor can we fairly suppose that the legislature intended to create a defense not valid already under the law. That clause was only intended as a saving clause, to prevent the bond from operating as an estoppel or bar against existing valid defenses which would have been admissible against the taxes without the bonds, and not to create new defenses. *Allen* v. *Hart*, 18 Grat., 722, is cited to support the adverse theory; but I think a correct interpretation of that case will support my theory, and overthrow the adverse theory. That case holds that set-off may be allowed against a forthcoming bond given under a distress warrant for rent. Now, that bond was substituted for the action of replevin and its bond; and Judge Moncure saw clearly that when the statute which he had in hand declared, as does the statute we now have in hand, that defense might be made on the ground that the "distress was for rent not due in whole or in part, or was otherwise illegal," it allowed just such defenses as might have been made under the old law to an avowry for rent in the action of replevin,—that it preserved those defenses only. He did not pretend that it enlarged defenses against rent by giving defenses not before existing. He proceeded to show, therefore, that set-off was allowable to an avowry for rent and therefore was allowable against a forthcoming bond under a distress for rent, as it took the place of replevin, and the statute saved all defenses which were admissible in that action. While set-off had been clearly al-

lowable in replevin, yet he had to strain to get that defense in under the language of the statute allowing "defense on the ground that the distress was not due," as set-off was a separate cause of action. How much harder the strain necessary to admit set-off in this case when we know that set-off is wholly inadmissible against taxes. It was only because it was a rent demand liable by law to the defense of set-off that set-off was allowed in that case; and thus that case would argue that, as set-off is not applicable to taxes, the clause in our act of 1893, giving the taxpayer defense, that "the amount levied for is not due in whole or in part," does not save the defense of set-off or grant it as a new defense.

I next inquire whether the demand of Wisener can be allowed as a payment. Miller's counsel contends that it is but a cross demand, never actually applied as payment,— only an unfulfilled agreement to apply it. If this were so, it could not be a payment, but a set-off, as a cross demand cannot be made a payment except by agreement. 18 Am. & Eng. Enc. Law, 152. The question is whether this agreement was merely executory, and hence needing actual execution as a payment, and, in its absence, not a payment. I think that, as the services were performed and the contract executed, it would be a payment in its nature, as "a payment is, by consent of parties, either expressed or implied, appropriated to the discharge of the debt." Wat. Set-off, 8. I think that, on a demurrer to evidence, we must say that there was a previous agreement to apply it as payment, thus taking it out of the category of set-offs, and as the services were rendered, if the agreement were valid, it would be a payment. We are asked to apply Wisener's demand as a payment, and we must inquire as to its validity; and we find it to be an agreement between a sheriff and an attorney at the opening of the sheriff's term of four years, by which he employs the attorney for four years ahead, at a fixed sum, to be applied in discharge of public taxes. Such a contract is contrary to public policy, because it tends to divert from the public treasury its money to pay the sheriff's private debt, and no court ought to enforce it. The sheriff can receive nothing but money in payment of taxes. 2 Desty, Tax'n,

693; *Humphreys v. Patton*, 21 W. Va., 220, is to this effect.
In *Merriam, v. Dovey*, (Neb.) 36 N. W., 382, an attorney
contracted with the city of Plattsmouth, Neb., to act as
its attorney for his taxes as compensation; and, it not
appearing that the city had so applied these services, the
court would not treat them as a payment. In *Routchler* v.
*Hucke*, 3 Ill. App., 144, it was laid down that, "on grounds
of public policy, no arrangement can be made between the
court and property owner whereby the owner or the prop-
erty can be discharged from liability by merely marking
the taxes paid on the tax books."

It is claimed that, after time for payment by a sheriff in-
to the treasury, the law presumes such payment, and that
taxes then become a private debt liable to set-off. This
seems not to be so. If so, why did it not admit set-off in
*Humphreys* v. *Patton*, *supra*, where some of the taxes
were two years old? The proposition that, when he has
settled with the treasury, the taxes are open to set-off, is
not supported by authority. *Davie* v. *Blackburn*, (N. C.,)
23 S. E. 321. But there is a consideration which, to my
mind, denies this suggestion any force, and it is that not
only is there no proof that the county and district taxes
had been paid in this case, but, if they had been, it would
make no difference, as the sheriff is treasurer as to them,
and the fund in his hands is applicable to any draft that
may come; and to allow a set-off would be to divert money,
in law applicable thereto, to meet private debts, and let
the public drafts go unpaid. In *Hinchman* v. *Morris*, 29 *W.*
Va., 699, (2. S. E. 863), Judge Green expresses the opin-
ion that where the sheriff had paid to the treasury a tax-
payer's tax, and the statute gave him further time to levy,
that statute would not operate to give him a right to re-
covery as if based on private demand against the taxpayer;
that is, it would still be merely a tax. If so, that excludes
the set-off.

It is contended that this contract to perform attorney's
services is void, under the statute of frauds, as a contract
not to be performed within a year. It was not intended to
be performed in one year, nor could it possibly be, and it
would be void under that statute. 8 Am. & Eng. Enc. Law
(1st Ed.) 685. "A contract for performing services

which by its terms is to continue for a longer term than one year, even to the extent of one minute, is within the statute." Wood, St. Frauds, §§ 273, 274. Such would be the case were there a suit for infringement of the contract in failure to give employment, or where the contract is to be appealed to as the only ground of recovery, where there can be no recovery save by and through it as an indispensable instrument of evidence; but I do not understand that, if the labor has been performed, there cannot be a recovery on a *quantum meruit* by proof of the labor alone, without calling on the contract as the sole instrument of evidence. And as our statute does not declare the contract void, it would furnish the measure of recovery. *Id.* § 277; Browne, St. Frauds, § 116. We reverse the judgment, and enter judgment for plaintiff.

*Reversed.*