# CHARLESTON.

PARKERSBURG MILL CO. *v.* OHIO RIVER RAILROAD CO.

Submitted June 6, 1901.   Decided November 16, 1901.

ORAL AGREEMENT—*Limitation—Agent.*
    A verbal agreement of which there is no note or memorandum in writing signed by the agent or party to be charged thereby and which is not to be fully performed within one year from and including the date of its making, comes within the inhibitions of the statute of frauds and cannot be enforced by action at law.  (p. 96).

Error to Circuit Court, Wood County.

Action by the Parkersburg Mill Company against the Ohio River Railroad Company.   Verdict for plaintiff.   From an order setting it aside, plaintiff brings error.

*Affirmed.*

W. N. MILLER and W. M. STRAUSS, for plaintiff in error.

H. P. CAMDEN, for defendant in error.

DENT, JUDGE:

The Parkersburg Mill Company complains of an order of the circuit court of Wood County entered on the 24th day of December, 1900, setting aside the verdict of a jury in its favor for the

sum of one hundred and sixty-eight dollars and fifty-six cents against the Ohio River Railroad Company.

The facts taken from the testimony of S. L. Gould are as follows: Between the fifth and tenth of December, 1898, Gould acting on behalf of his firm had an arrangement with John J. Archer, freight agent of the defendant, to carry during the year 1899 tin plate boxing at a rate of five cents per hundred from Parkersburg to Wheeling, provided such firm could get the contract with the Wheeling Corrugating Company to furnish them their tin plate boxing for such year. Gould immediately succeeded in getting the contract with the corrugating company, and so notified Archer. Shortly afterward Archer resigned.

On the shipment of the first car load the company repudiated the contract and charged eight cents per hundred. Gould notified the company that they would hold it to its contract, and would sue it for the overcharge unless it was refunded. In the mean time the plaintiff was incorporated and by assignment succeeded to all the rights and liabilities of the Gould firm. The firm and its assignee, the plaintiff, continued the shipments during the year 1899, and the company continued to collect the higher rate therefor. After the year expired the plaintiff instituted this suit to recover the overchanges claimed to amount to one hundred and seventy-three dollars and forty-five cents, and recovered a judgment before a justice. The defendant appealed. In the circuit court a trial was had resulting in the verdict before mentioned as set aside by the circuit court. The plaintiff obtained a writ of error to this Court, and here insists that judgment should be entered on the verdict.

The defendant first insists that the order of the circuit court was right and should be affirmed because the contract relied on was contrary to the statute of frauds in that it is a verbal agreement not to be performed within a year, and there was no note or meorandum thereof in writing signed by its agent or the defendant and therefore the suit is not maintainable. If the agreement is one that is governed by the statute of frauds the suit is undoubtedly barred, though the justice of the case is with the plaintiff. The court must give effect to the statute, although in contravention of its convictions of right and wrong.

From the plaintiff's evidence it is clear that the contract was made not later than the tenth day of December, 1898, and was

to begin on the 1st day of January, 1899, or sooner, and end on the 31st day of December, 1899. It could not be fully performed until this latter date. It is settled law that a verbal contract which cannot be fully performed for more than one year including the day of the making thereof comes within the provision of the statute and is invalid. 8 Am. & En. En. Law 685, 694; *Kimmins* v. *Oldham,* 27 W. Va. 258; *Miller* v. *Wisner,* 45 W. Va. 59. The fact that the agent promised to reduce it to writing and did not do so is of no avail to avoid the statute, nor was he guilty of any fraud in not doing so. For it is a presumption of law that the parties equally knew the law and the necessity of reducing the agreement to writing to make it valid, and therefore it was the legal fault of Gould and his firm that they did not obtain a valid contract. As a matter of equity and good conscience it would be a pleasure to recognize and enforce the verbal contract, but it is a matter of oath bound duty to enforce the law, however harsh it may be in its operation. Hence the judgment must be affirmed.

*Affirmed.*