# CHARLESTON

McClanahan v. Otto-Marmet Coal & Mining Co.

Submitted June 9, 1914.   Decided June 23, 1914.

1. Frauds, Statute of—*Contracts—Necessity of Writing.*
   An agreement which does not, by its terms or by necessary implication, carry its full performance beyond a year need not be in writing.   (p. 545).

2. Same—*Oral Contract.*
   An oral contract which may, in any possible event, be fully performed according to its terms within a year, is not within clause seven of the statute of frauds.   (p. 545).

3. Same—*Oral Employment Contract.*
   An oral contract of employment, to cut and deliver all the mine props and ties on a large tract of land, at a stipulated price per hundred to be paid monthly, no time being fixed for the completion of the job, is not within the statute of frauds forbidding actions on contracts not to be performed within a year, unless in writing and signed by the party to be charged or his agent, although the employe expected, at the time he undertook the work, that it would require six years to fully complete it.   (p. 544).

4. Same—*Pleading.*
   The statute of frauds need not be specially pleaded but may be relied on under the general issue of *non assumpsit.*   (p. 548).

   (Poffenbarger, Judge, dissenting).

Error to Circuit Court, Putnam County.

Assumpsit by A. S. McClanahan against the Otto-Marmet Coal & Mining Company.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Brown, Jackson & Knight,* for plaintiff in error.

Williams, Judge:

In an action of assumpsit for the alleged breach of a contract for the cutting of timber plaintiff recovered a judgment for $500, and defendant was awarded this writ of error.

The contract was oral, and the principal question presented is, does it come within the seventh clause of the statute of frauds forbidding action upon "any agreement that is not to be performed within a year," unless it is in writing and signed by the party to be charged or his agent.

Plaintiff and defendant's general manager Edward Schonebaum who employed him do not agree as to the terms of employment. Plaintiff testifies that he was employed in February, 1907, to cut all the bank timber from two certain tracts of land owned by defendant and deliver it at its mine, at $60 per thousand for 7 foot posts, $50 per thousand for 6½ foot posts, $45 per thousand for 5½ foot posts, and $45 per thousand for ties, and was to be paid monthly. According to his testimony no time was fixed for the completion of the agreement. He began work on the job in April, 1907, and continued until about the 15th November, 1910, when he says defendant employed another man to do the cutting and wrongfully discharged him. Plaintiff. admits receiving pay for all the work he did. The suit is to recover damages on account of profits that he would have made if he had been permitted to complete his job. On the other hand, Mr. Schonebaum testifies that he employed plaintiff to cut and deliver bank posts and ties, but for no specified time. He denies that he employed him to cut all the timber on the tracts of land. They agree as to the price and time of payment. The jury must have found in favor of plaintiff's version of the contract, and, for the purpose of this review, we must assume that it was the contract between the parties. In his cross-examination, in answer to a question as to the length of time it would take him to cut the timber, plaintiff says: "I don't hardly know. I did not expect it to take more than five or six years. Q. And you calculated to take five or six years to cut it off? A. Yes, at the way they used the posts." Plaintiff's expectation that it would take him five or six years to complete the job, does not bring the contract within the

statute of frauds. Browne on Statute of Frauds, Sec. 273, says, that much reasoning has been expended to 'determine the meaning of the words *to be performed* as used in the statute, and further says, ''The result seems to be that the statute does not mean to include an agreement which is simply not *likely* to be performed, nor yet one which is simply not *expected* to be performed, within the space of a year from the making; but that it means to include any agreement which, by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of performance according to its language and intention, within a year from the time of its making.''

From the terms of the agreement, as gathered from the testimony of plaintiff, it cannot be said that any time was agreed upon for its completion, nor that it was impossible of performance in a year. It can only be said that it was not likely to be performed, nor expected by plaintiff to be performed, within a year. This was held, in *Kimmins* v. *Oldham*, 27 W. Va. 259, not to be sufficient to bring an agreement within the statute. There is nothing in the testimony of plaintiff from which it can be said that the parties intended that the contract should not be performed within a year from the time of its making, nor is its subject matter such as to render its performance within a year impossible. The identical question presented in this case was recently decided by us in *Reckley* v. *Zenn*, 74 W. Va. 43, 81 S. E. 565, and we there held that: ''A verbal contract the terms of which do not expressly provide for performance beyond a year or by fair and reasonable construction contain anything inconsistent with complete performance within that time, is not within the statute of frauds.'' That was an action to recover a balance claimed to be due plaintiff on a timber cutting contract, and defendant relied on the statute of frauds. In that case, as in this, plaintiff admitted that he expected to be more than a year in completing the contract. But nothing was said at the time he was employed as to when the work should be completed, and it appeared that it was possible to perform it within a year.

The statute is taken from 29 Car. II, Ch. 3, and the clause

in question is practically the same in all the states. A few cases from the English courts and from the courts of the different states will serve to illustrate the construction and application of it by other courts.

In consideration that his creditor would not sue him during his lifetime a debtor promised that his executor should pay the debt after his death. The agreement was held not to be within the statute, because the debtor might die and the contract thereby be completed within a year. *Wells* v. *Horton,* 4 Bing. 40, 130 Eng. Rep. 683. So also, a contract to support a child for a guinea a month, so long as its father should think proper, was held not within the statute. The father had the option to limit the time of performance within a year. *Souch* v. *Strawbridge,* 2 C. B. 808, 135 Eng. Rep. 1161. An oral agreement between husband and wife compromising legal proceedings between them, whereby they agreed to live separate and apart, the husband agreeing to pay the wife a weekly sum and she agreeing to maintain herself and the children thereon, was held not to be within the statute. In his opinion in this case, after considering previous decisions construing the statute, Lord Justice Lindley says: "The effect of these decisions is that, if the contract can by a possibility be performed within the year, the statute does not apply." *McGregor* v. *McGregor,* 21 Q. B. 424.

The great weight of authority in the United States is in line with the English cases. In *Peters* v. *Westborough,* 19 Pick. 364, 31 Am. Dec. 142, the supreme court of Massachusetts held, that an oral agreement to support a child twelve years of age, until she was eighteen, was not within the statute of frauds. Judge Wilde in his opinion says: "If she (the child) had continued in the plaintiff's service, and he had supported her, and she had died within a year after the making of the agreement, it would have been fully performed. And an agreement by parol is not within the statute, when by the happening of a contingency it might be performed within a year."

*Roberts* v. *Rockbottom Co.,* 7 Mtc. 46, was a case involving an oral contract whereby said company had employed plaintiff and had agreed that, "he should serve them, upon

the terms agreed on, five years, or so long as Leforest should continue their agent.'' The court held the agreement not to be within the statute. The duration of the contract depended upon the continuance of Leforest's agency which he might have terminated within a year. In *Kent* v. *Kent,* 62 N. Y. 560, 20 Am. Rep. 502, a father agreed with his son that, if he would work for him upon his farm, not specifying any time for the services, he should be paid the value of his work out of his father's estate after his death, which did not happen until twenty years after the son ceased to work. The contract was held not to be within the statute. Judge Allen in delivering the opinion of the court says: ''If the agreement may consistently with its terms be entirely performed within the year, although it may not be probable or expected that it will be performed within that time, it is not within the condemnation of the statute.''

A railroad company agreed with the landowner that, in consideration of permission to build its road over his land, it would construct and maintain cattle guards on each side of the road. The supreme court of Arkansas held the contract not to be within the statute, because the contract was contingent on the use of the land for a railroad which might have ceased within a year. *Arkansas M. &c. R. Co.* v. *Whitley,* 54 Ark. 199, 11 L. R. A. 621. A similar decision is found in *Sweet* v. *Dasha Lumber Co.,* 56 Ark. 629.

In *Warner* v. *Texas &c. Ry. Co.,* 164 U. S. 418, 41 Law Ed. 495, decided in 1896, it was held that an oral agreement by the railroad company to put down the rails and maintain a switch, as long as Warner needed it, to a point where he proposed to erect a sawmill, if he would grade the road and furnish the ties, was held not to be within the Texas statute condemning contracts not to be performed within a year unless in writing, although it appeared from Warner's own testimony that he expected he would need the switch for ten years. In an elaborate opinion prepared by Mr. Justice Gray in that case he reviews a long list of English and American cases on this particular section of the statute of frauds. In the course of his opinion the learned judge says: ''The contract of the railroad company was with, and for the benefit

of, the plaintiff personally. The plaintiff's own testimony shows (although that is not essential) that he understood that the performance of the contract would end with his own life. The obligation of the railroad company to maintain the switch was in terms limited and restricted by the qualification 'for the plaintiff's benefit for shipping purposes as long as he needed it;' and no contingency which should put an end to the performance of the contract, other than his not needing the switch for the purpose of his business, appears to have been in the mouth or in the mind of either party. If, within a year after the making of the contract, the plaintiff had died, or had abandoned his whole business at this place, or for any other reason had ceased to need the switch for the shipping of lumber, the railroad company would have been no longer under any obligation to maintain the switch, and the contract would have been brought to an end by having been fully performed.''

There being no time fixed by the terms of the agreement for its completion, and nothing to show that it could not, or might not, have been fully performed within a year, the contract set up by plaintiff in this case is not within the statute of frauds.

It was not error to exclude defendant's special plea of the statute of frauds. The defense could be made under the general issue, which made it necessary for plaintiff to prove every fact essential to his right of recovery. If it had appeared that the agreement was not to be performed within a year from the time it was made, plaintiff could not have recovered, it being admitted that it was not in writing. Under the practice in this state and in Virginia, it is generally understood that any defense can be made under the general issues of *nil debet* and *non assumpsit,* except the statute of limitations, bankruptcy and tender. Hogg's Pl., Sec. 220; Burke's Pl. & Pr., Sec. 93; *Bank* v. *Kimberlands,* 16 W. Va. 555, opinion of Judge Green at page 574; and *Trust Co.* v. *Crawford and Ashby,* 69 W. Va. 109; *Eaves* v. *Vial,* 98 Va. 134. But partial payments and sets off, in order to be proven, must be especially pleaded, or notice of them given in an account filed. Sec. 4, Ch. 126, serial section 4824, Code 1913;

*Bank* v. *Foster,* 35 W. Va. 357; and *Guthrie* v. *Huntington Chair Co.,* 69 W. Va. 152.

It was not error to refuse defendant's instruction No. 1, which would have told the jury to find for the defendant because the plaintiff's evidence was insufficient to support a verdict in his favor.

The judgment is affirmed.                         *Affirmed.*

POFFENBARGER, JUDGE, *(dissenting):*

I am unable to concur in the opinion and decision in this case. The testimony as to the terms of the contract, the subject matter and the facts and circumstances disclosed, clearly show the agreement was to cut the timber from certain tracts of land, as it was to be used in the mining operations, and no faster and, as it could not be used in one year, nor under five or six, it could not be cut in any shorter period. Therefore, the contract was not to be performed within a year. I am unable to see the difference, as regards the terms of the statute, between a contract made in express terms to run more than a year and one whose general and indefinite terms, read in the light of the subject matter, necessarily make it run more than a year, and I do not believe the authorities recognize any difference between them. Classification is sometimes mistaken for conflict of authorities. Nearly all the cases relied upon in the majority opinion involve the elements of personality and probability of death terminating the operation of the contract. Nothing of that kind appears here. I think this contract is of the same class as those involved in *Boydell* v. *Drummond,* 11 East. 142, in which there was a contract by subscription to take a series of publications to be completed in three annual installments; *Packett Co.* v. *Sickles,* 5 Wall. 580, in which an oral contract by a steamboat company to use, on one of its steamboats, a patent device, during the continuance of the patent, a period of about twelve years, if the boat should last so long, was held to be within the statute; and *Herrin* v. *Butters,* 20 Me. 119, in which there was a contract to clear three acres of land, turning over to the lessor one acre each year.