## CHARLESTON.

### ÁLKIRE V. ORCHARD COMPANY.

Submitted January 30, 1917.    Decided February 6, 1917.

1. MASTER AND SERVANT—*Employment Contract—Termination.*

    A contract for work and labor which provides for a monthly salary to be paid by one party to the other and does not specify any term of employment, may be terminated at the end of any month by either of the parties thereto.    (p. 529).

2. FRAUD, STATUTE OF—*Employment Contract—Term.*

    A contract of employment for one year, the term of such employment to begin at a date in the future, is such a contract as cannot be performed within a year, and to be binding under the provisions of section 1 of chapter 98 of the Code must be evidenced by a writing signed by the party to be charged thereby, or his agent.    (p. 529).

3. SAME—*Justices of the Peace—Pleading.*

    In an action brought before a justice of the peace the statute of frauds need not be specially pleaded, but may be proven in defense of such suit under an answer denying the plaintiff's right to recover.    (p. 531).

4. WORK AND LABOR—*Action for Compensation—Burden of Proof.*

    In order to a recovery for work and labor performed upon a *quantum meruit* the party seeking such recovery must show that such work and labor was performed under such circumstances as will imply a contract to pay for the same, and must further show the extent and amount of such work and labor performed by him, and the reasonable value thereof.    (p. 531).

Error to Circuit Court, Mineral County.

Action by C. J. Alkire against the Alkire Orchard Company.    Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*W. H. Griffith,* for plaintiff in error.

*Taylor Morrison,* for defendant in error.

RITZ, JUDGE:

In the year 1907 the defendant Alkire Orchard Company was formed.    The plaintiff was active in the organization of this company.    He was interested in it as a stockholder, and

at its organization he was made its manager at a salary of fifty dollars a month. He continued to be its manager under an appointment from the board of directors from the time of its organization until the fall of 1912. His salary as manager had been increased from time to time, but in the fall of 1912 he conceived the idea that he was not being paid sufficient compensation for his services. The defendant company's board of directors would not agree with him at that time as to the amount of salary he should receive and he left the service of the company. However, in March, 1913, the board of directors of the defendant company passed a resolution in the following words: ''On motion of Mr. J. H. Markwood, R. A. Welch was instructed to prepare a contract with Mr. C. J. Alkire, which was as follows: 'This agreement entered into this the 6th day of March, 1913, between The Alkire Orchard Co. a corporation of the first part and C. J. Alkire of the second part Witnesseth that the said party of the first part agrees to employ the said C. J. Alkire as manager of its orchards near Keyser at a salary of One Hundred Dollars per month, said salary to begin when said C. J. Alkire commences work. The said C. J. Alkire is to be under the direction and control of the directors of said company and to perform only such labor and expend such money as the said directors may instruct. The said party of the first part is to furnish feed for one horse for the said manager. In consideration of the above the said C. J. Alkire agrees to give his entire time to the management of the orchards of the party of the first part and to perform such labor and expend only such money as said directors may instruct him to expend and perform. In witness whereof the said party of the first part has caused this instrument to be signed by its President and attested by its secretary and its corporate seal to be affixed and the said C. J. Alkire has signed and sealed the same. On motion it was ordered that the Secretary be instructed to employ a manager for the upper orchard and one for the lower orchard providing C. J. Alkire does not accept the offer made to him this day by the Company.' '' It will be observed that this resolution embodies a proposed contract to be entered into between the plaintiff and the defendant by

which the defendant again proposed to employ the plaintiff as its manager, at a salary of one hundred dollars per month. This contract was never formally executed by the parties, but immediately upon the passage of this order by the board of directors of the company the plaintiff accepted the employment in accordance with the terms of this resolution and the proposed contract embodied in it, and entered upon such employment. During the remainder of the year 1913 he was regularly paid one hundred dollars for each month of said year. The board of directors of said company on the 20th of January, 1914, passed a resolution as follows: ''On motion C. J. Alkire was made manager of the Company at the same salary as last year.'' Under this resolution the plaintiff continued in the service of the company, and was paid his salary regularly each month until December, 1914, when the board of directors at a meeting at which the plaintiff was present passed the following resolution: ''On motion it was ordered that from this date all work on the orchard be discontinued and that only Roy Simmons be employed to look after the orchard.''

Defendant contends that under the resolution adopted by the board of directors in December, 1914, plaintiff's employment with it ceased at that time. Plaintiff contends, however, that under the contract, as shown by the minutes passed by the board of directors in March, 1913, he was employed for one year from the first day of March, 1913, to the first day of March, 1914, and that the resolution passed on the 20th day of January, 1914, had the effect of employing him for another year from the expiration of his first employment. Plaintiff admits that his only contract of employment with the defendant company for the year beginning March, 1913, is that embraced in the minute above quoted, and that he went to work under the arrangement therein stated without any other contract or agreement with the defendant company. The defendant refused to pay the plaintiff any salary for the months of January and February, 1915, which he claims was covered by his contract of employment. He brought his suit to recover salary for these two months at the rate of one hundred dollars per month. Upon a trial of the case in the

court below the defendant demurred to the evidence, and the court rendered judgment for the defendant upon such demurrer, and from this judgment this writ of error is prosecuted.

Can the plaintiff claim a contract for one year under the arrangement set out in the minutes of the board of directors above referred to? It will be observed that the proposal made by the defendant company to the plaintiff under which he accepted employment in March, 1913, does not provide for the continuance of such employment for any particular time, but simply provides for his employment as manager at a salary of one hundred dollars per month. He does not contend that at this time there was any understanding other than that expressed in the minutes of the board of directors above set out. From this it is quite clear that his employment was simply a monthly employment, and could be terminated at the end of any month, either by himself, or by the defendant. Elliott on Contracts, sec. 176; *Tubbs* v. *Cummings Co.,* 200 Mass. 555; *Nichols* v. *Coolahan,* 10 Metcalf, 449; *Moss* v. *Decatur Land Improvement & Furnace Co.,* 93 Ala. 269; *Cronemillar* v. *Duluth-Superior Milling Co.,* 134 Wis. 248.

He says, however, that in January, 1914, when the resolution above quoted was passed, retaining him as manager at the same salary as last year, there was an agreement with the board of directors that the employment under this resolution would commence on the first of March, 1914, and continue until the first of March, 1915. On the demurrer to the evidence we must take this statement as true, notwithstanding it is controverted. The defendant, however, says that even if he did have such verbal contract with the directors of the company the same cannot be enforced because of that provision of the statute of frauds which requires that any contract not to be performed within a year shall be in writing. Code, ch. 98. The plaintiff's proof in regard to his verbal contract of employment is that it was made on the 20th day of January with the directors of the company at a meeting held on that day; that it provided for his employment as general manager of the company at a salary of one hundred

dollars per month, beginning on the first of March, 1914, and ending March 1, 1915. Is this agreement such an one as is required to be in writing by the provisions of section one of chapter 98 of the Code? It will be seen that while this contract was for a year's employment, still it was not to be performed within one year from the day it was made, because of the fact that the employment thereunder would not begin until sometime after the making of the contract, thus extending the period of its completion beyond the period of one year from its making.

In *Lee* v. *Hill*, 87 Va. 497, (12 S. E. 1052) a parol contract for personal services made in August for the term of one year, to begin on the first day of the ensuing October, is held to be a contract not capable of being fully performed within a year, and hence not enforceable because not in writing.

In the case of *Parkersburg Mill Co.* v. *Ohio River Railroad Co.*, 50 W. Va. 94, a contract providing for the carriage by the defendant company of certain freights for one year at a certain rate was in question. It appeared that the contract was made on the 10th of December, 1899, and provided for the carriage of all freights of the plaintiffs of a certain class for the year beginning January 1, 1900, at a certain rate. The defendant refused to perform the contract and charged a higher rate than that agreed upon. Upon a suit brought by the defendant to recover the excess charged the Court held that the contract, having been made on the 10th of December, and the performance thereof not to be completed until the 31st of December of the following year, was not such a contract as could be performed within one year. The law is thus stated in the syllabus: "A verbal agreement of which there is no note or memorandum in writing signed by the agent or party to be charged thereby and which is not to be fully performed within one year from and including the date of its making, comes within the inhibitions of the statute of frauds and cannot be enforced by actions at law." See also *Kimmins* v. *Oldham*, 27 W. Va. 258; *Miller* v. *Wisener*, 45 W. Va. 59; *Reckley* v. *Zenn*, 74 W. Va. 44; *McClanahan* v. *Coal & Mining Co.*, 74 W. Va., 543; 20 Cyc. 206; 29 Am. & Eng. Enc. of Law, 943.

The plaintiff, however, says that even though the verbal contract relied upon by him is such as is required to be in writing under the provisions of the statute of frauds, the defendant, in order to take advantage of this statute, must specially plead it. This contention is answered by the case of *McClanahan* v. *Coal & Mining Co., supra.* In that case it was held that the Statute of Frauds need not be specially pleaded, but may be relied upon under the general issue of non assumpsit. This being an action originating before a justice, certainly no greater particularity in pleading is required than is required in actions of assumpsit begun in the circuit court.

Plaintiff contends that the statute of frauds relied upon by the defendant has no application to his contract, because of the minute made by the board of directors on the 20th of January showing his employment. Even if a minute of the board of directors of a corporation is such a memorandum in writing as will relieve against the statute of frauds, (and upon this question we express no opinion) still the minute relied upon by the plaintiff for the purpose cannot have that effect. It is not a memorandum of any such contract as he sets up, but is a memorandum of a contract similar to the contract had with plaintiff in the previous year which, as we have before seen, was a contract of employment by the month.

Plaintiff further contends that even though his employment had been terminated by the board of directors, and he was not employed under a contract during the months of January and February, 1915, he should be allowed to recover for services which he actually performed for the company during those months. He says that he did some work for the company during those months in the way of moving some dead trees and straightening up around the orchard of the defendant. The extent of this work performed by him does not appear, nor is there any evidence whatever as to its value, nor can it be said that he did this work with the tacit approval of the board of directors of the defendant company, or under such circumstances as would imply a promise to pay for it, in the face of the resolution adopted by that board in December, 1914. Before the plaintiff can recover on the

*quantum meruit* it is necessary for him to show that he performed the services for the defendant under such circumstances as will raise the implication of a promise to pay for them. He would have to show the extent of the services he performed and the value thereof. He has shown none of these things, and there is no evidence upon which a finding could be based for the value of any services performed by him during the months of January and February. His contention that he should be allowed to recover on the *quantum meruit,* if he fails to recover on his contract, is therefore without merit.

The judgment of the Circuit Court of Mineral County is clearly right and the same is affirmed.

*Affirmed.*