## · CHARLESTON.

ABE FORMAN *et al. v.* JOHN SMITH

(No. 5592)

Submitted October 19, 1926.    Decided November 9, 1926.

FRAUDS, STATUTE OF—*Statute of Frauds Need Not be Specially*
*Pleaded, Unless Party Relying Thereon Admits Making*
*Contract; But to Avail Himself of Benefits He Must in*
*Some Manner Distinctly Bring Statute to Attention of*
*Court, Otherwise it Will be Considered as Waived.*

The statute of frauds need not be specially pleaded, unless
the party relying thereon admits making the contract; but in
order to avail himself of its benefits he must in some manner
distinctly bring the statute to the attention of the court,
otherwise it will be considered as waived.

Error to Circuit Court, McDowell County.

Action by Abe Forman et al. against John Smith.    Judg-
ment for plaintiff, defendant brings error.

*Reversed, and judgment entered.*

*J. N. Harman, Jr.,* for plaintiff.
*Joseph M. Crockett* and *Chas. A. Tutwiler,* for defendant.

LITZ, PRESIDENT:

The plaintiffs recovered judgment against the defendant,
before a justice of the peace, in the sum of $150.00 for the
rental of a business room, owned by the plaintiffs in the town
of Kimball, McDowell County, during the months of January
and February, 1925.

Upon an appeal from the justice, the circuit court sustained
a demurrer to the evidence interposed by the defendant, and

entered judgment accordingly, after a conditional verdict for $150.00 had been returned in favor of the plaintiffs. The plaintiffs prosecute error.

By contract in writing dated February 5, 1923, the plaintiffs leased to one George Walters the premises in question for a term of three years. About three months after the beginning of the lease the defendant became an equal partner with Walters in the business for which the premises were then being used. This partnership continued until October, 1923, at which time the defendant (according to his admission) purchased the interest of Walters in the business and lease. Thereafter the defendant occupied the premises, paying the rent according to the terms of the lease, until January 4, 1925, when, without notice to the plaintiffs, he abandoned the premises and refused longer to pay the rent.

Counsel for the defendant would sustain the ruling of the circuit court upon the theory that the parol assignment of a lease which will not expire for more than one year thereafter creates a tenancy at will, rendering the assignee liable to the landlord only for rent accruing while the former occupies the premises.

The rule, often stated as being supported by the weight of authority, is that the possession of leased premises under an oral assignment and payment of rent to the lessor constitutes such performance as will take the contract out of the statute of frauds and renders the assignee liable to the lessor for rent to the same extent as if the assignment had been in writing. 16 R. C. L. 853, sec. 355; 25 R. C. L. 706; 42 L. R. A. N. S. 162; 52 L. R. A. N. S. 985; *Carter* v. *Hammett,* 12 Barb. 253, 262; *Baker* v. *Brewery,* 140 Cal. 530, 74 Pac. 22; *Marks* v. *Chumos,* 82 Kan. 562, 109 Pac. 397; *Wells* v. *Waddell,* 59 Mont. 436, 196 Pac. 1000.

It is not necessary, however, in the decision of this case to determine whether the statute of frauds could have been relied on as a defense to the action. There is neither allegation nor proof that the assignment was verbal. It was clearly established without objection on the part of defendant to any of the evidence adduced. As already indicated, there is

nothing in the record to show but that the assignment was in writing. Whether written or verbal, the statute of frauds was not in any way raised before the trial court. The statute of frauds need not be specially pleaded, unless the party relying thereon admits the making of the contract. *McClannahan* v. *Coal Mining Co.*, 74 W. Va. 543, 82 S. E. 752; *Alkire* v. *Orchard Co.*, 79 W. Va. 526, 91 S. E. 384; *Kennedy* v. *Burns*, 84 W. Va. 701, 101 S. E. 156; *Matney* v. *Blakely*, 97 W. Va. 291. But the party seeking to avail himself of its benefits, must distinctly call it to the attention of the court, in some manner, by his pleadings or otherwise, or it will be considered as waived. 27 C. J. 368; *Matney* v. *Blakely*, cited.

The judgment in favor of the defendant on demurrer to the evidence will be reversed, and judgment entered here for the plaintiffs.

*Reversed, and judgment entered.*