**Leon SHIPLEY, Plaintiff-Appellee,**

v.

**HERMAN GRANT COMPANY, INC.,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 26, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 30, 1984.

Hoyt O. Samples, Chattanooga, for defendant-appellant.

Harry Berke, Chattanooga, for plaintiff-appellee.

## OPINION

GODDARD, Judge.

Herman Grant Company, Inc., Defendant-Appellant, appeals a judgment of the Chancery Court for Hamilton County which, upon finding Leon Shipley, Plaintiff-Appellee, had an implied contract of employment for one year, granted him a judgment of $14,762.45 representing his salary for the months of October, November and December, 1981, less a credit given the Defendant for the Plaintiff's earnings during that period.

By its issues on appeal the Defendant asserts that the Court was in error in finding an implied contract and in the alternative that Mr. Shipley's dismissal was for just cause.

The Defendant Company was organized by Herman Grant in January 1970, and Mr. Shipley had been an employee since its inception, working part-time from January 1970 until August when he became a full-time employee. He was a half-brother of the founder and owned 15 percent of the voting stock and 60 percent of the non-voting stock. Mr. Grant owned 70 percent of the voting stock and Jimmy Thomas, another officer of the Company, owned the other 15 percent. In the past the salaries of the officers—Messrs. Grant, Thomas and Shipley—were fixed annually at the annual stockholders' and directors' meeting which was held jointly. In 1980 Mr. Shipley was voted an annual salary of $60,000 a year and in 1981 it was increased to $66,000.

▪ As pertinent to the first issue, the minutes of the annual meeting held on December 4, 1980, reflected the following:

*Salaries.* The Chairman stated that the Board of Directors should consider the salaries of key personnel. Following discussion, upon motion duly made and seconded, the following resolutions were adopted:

RESOLVED, that the base salary of Herman L. Grant, as president and treasurer of the corporation, be, and hereby is, fixed at the rate of One Hundred Fifty-four Thousand Dollars ($154,000) per year, payable in equal monthly installments, effective as of January 1, 1981; and

FURTHER RESOLVED, that the base salaries of Jimmy A. Thomas, as vice president, and Leon A. Shipley, as secretary of the corporation, be, and hereby are, fixed at the rate of Sixty-six Thousand Dollars ($66,000) each, per year, payable in equal monthly installments, effective as of January 1, 1981.

. . . .

*Election of Officers.* The Chairman then called for the election of officers. Upon motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, that the following officers be, and hereby are, elected to serve the corporation for the ensuing year or until their successors shall be duly elected and qualified, each to serve at the pleasure of the Board:

Herman L. Grant . . . . President and Treasurer

Jimmy A. Thomas . . . . Vice President

Leon A. Shipley . . . . Secretary

Mr. Grant died on February 24, 1981, and at a special joint meeting of the stockholders and directors, the following occurred:

*Election of Officers.* The Chairman then called for the election of officers. Upon motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, that the following officers be, and hereby are, elected to serve the corporation for the ensuing year or until their successors shall be duly elected and qualified, each to serve at the pleasure of the Board:

Jimmy Thomas . . . . President

Leon Shipley . . . . Vice President

Paula Grant . . . . Secretary and Treasurer

No mention is made of salaries in the minutes of this meeting.

In another special joint meeting held on September 2, 1981, Messrs. Thomas and Shipley were removed as directors and Mr.

Grant's widow, their daughter and Larry Putnam were elected. Immediately thereafter, the directors met and terminated Mr. Shipley's employment.

There is conflicting proof relative to Mr. Shipley's promptness, diligence, compatibility with other employees, unauthorized use of company credit cards and attempts to begin a competing company while employed by the Defendant. There is also some circumstantial evidence that he purloined certain company engineering plans and sketches just before his discharge.

*Delzell v. Pope*, 200 Tenn. 641, 294 S.W.2d 690 (1956), is the leading case as to the first issue raised and the one relied upon by the Chancellor. It lays down the Tennessee rule which is mentioned in an earlier case[1] and followed in later ones.[2] In *Delzell* the trial court had sustained a demurrer to the complaint. The Supreme Court in reversing said this (200 Tenn. at 651, 294 S.W.2d at 694):

> We think the American authorities, cited on the brief of counsel, and others referred to in A.L.R., supra, support the general proposition that a hiring at so much per week, or month, or year is a hiring for that period, provided there are no circumstances to the contrary. Thus in *Alkire v. Alkire Orchard Co.*, 1917, 79 W.Va. 526, 91 S.E. 384, it is held: Employment of one as manager at a stipulated salary per month is a mere monthly employment, and may be terminated at the end of any month by either party.

Finally the annotator says:

> "Practically every case which has held that hiring at a certain price per month or year is indefinite, and terminable at will, has, without argument, directly or indirectly, followed a textbook which lays down that proposition without any authority whatever to support it."

In 100 A.L.R. 834–841 (supplementing annotations in 11 A.L.R. 469) numerous cases are cited to the effect that circumstances surrounding the parties will control. At page 841 the annotator says: "There are many decisions holding that in the light of *surrounding circumstances* the hiring was for a definite period." (Emphasis ours.) If, under all circumstances, considering the fact that an employment has continued without interruption for a period of years, (in the instant case 5 years) and at a fixed annual salary, we think the employment is for a definite period and is not terminable at will.

We believe the operative words of the first paragraph above quoted insofar as it applies to the case at bar are "provided there are no circumstances to the contrary." We are persuaded that the language found in the minutes which says, when referring to the officers, "each to serve at the pleasure of the Board" is a circumstance to the contrary requiring a finding that the Plaintiff's employment was for an indefinite period and subject to be terminated at will.

■ In conclusion, as to the first issue, we have not overlooked the Chancellor's finding that the stockholders' meeting of September 2, 1981, was not properly called. In this regard we note that no question was ever made at trial regarding the legality of this meeting. In addition, the minutes recite that it was duly called. In light of this recital and because the by-laws of the Corporation are not a part of the record, we cannot presume that a person authorized to vote a majority of the stock of a corporation—in this case the executrix of Mr. Grant's estate—was not authorized to call the meeting.

■ As to the second issue, in light of (1) the fact that no complaint was made to Mr. Shipley regarding his performance prior to his termination, (2) the reason given to him

1. *Savage v. Spur Distributing Co., Inc.*, 33 Tenn. App. 27, 228 S.W.2d 122 (1949).

2. *Ward v. Berry & Associates, Inc.*, 614 S.W.2d 372 (Tenn.App.1981); *McCall v. Oldenburg*, 53 Tenn.App. 300, 382 S.W.2d 537 (1964).

for dismissal,[3] (3) his denial of taking the plans and sketches, and (4) his unrefuted testimony that the stolen instruments were obsolete and of no value, we do not find that the evidence preponderates against the Chancellor's finding that his termination was not for just cause.

For the foregoing reasons the cause is dismissed, except insofar as it relates to costs below, and for that purpose remanded for collection thereof. The costs of appeal are adjudged against the Plaintiff.

PARROTT, P.J., and KIRBY MATHERNE, Special Judge, concur.

---

**3.** Mr. Shipley testified that Mr. Thomas told him that his discharge was occasioned because the company was "going to cut down on some of the salary expenses, and that I was the first to go."