THOMAS HINCKLEY *v.* BENJAMIN F. SOUTHGATE.

Where a contract for work and labor is to be begun, but not completed within one year from the making thereof, it is within the statute of frauds, and no action can be maintained thereon, unless it be in writing.

THIS was an action of assumpsit, in which the plaintiff declared as follows :—

For that, heretofore, to wit, at Bridgewater aforesaid, on the 2d day of February, 1837, the defendant, in consideration that the plaintiff did, then and there, agree, that he, the plaintiff, would carry on his, the defendant's grist mill, in said Bridgewater, for the term of one year from the first day of April, then next, and deliver to the defendant one half of the tolls, during said term, he, the defendant, then and there agreed, that the plaintiff might carry on said mill on the conditions aforesaid, and that he would also pay to the plaintiff the sum of ten dollars, yet though requested, and though the plaintiff was, at Bridgwater aforesaid, ready to carry on said mill, as aforesaid, on the said first day of April, 1837, and then and there offered so to do, the defendant wholly refused to permit him so to do, and has never paid him the said ten dollars, but neglects and refuses so to do.

Plea, Non assumpsit, and issue to the court.

On trial, in the county court, the plaintiff offered to prove the facts stated in his declaration, by parol testimony only, to which the defendant objected, and the court rejected said testimony, and, no evidence in writing having been offered, the court rendered judgment for the defendant. To which the plaintiff excepted.

*O. P. Chandler and A. Tracy*, for plaintiff.

The contract, declared upon, was not a contract for the sale of real estate, or any interest therein, but to perform labor.

Nor was it a contract, not to be performed within one year from the making thereof, within the meaning of the act. When the performance is to *commence* within the year, and the payment to be made as the work advances, it is not within the statute. *McLee* v. *Hale*, 10 Wendell's R. 426. *Fenton* v. *Emblers*, 3 Burrow's R. 1281.

The construction of the statute, in this particular, does not appear to have been settled in this state, and, though it may be a matter of doubtful construction, yet the general custom and practice of this state require the construction contended for by plaintiff.

*E. Hutchinson*, for defendant.

The plaintiff's declaration could be sustained only by proof of a contract in writing, executed according to the statute. Because,

I. It counts upon a contract merely executory, which, from the face of the declaration, could not have been performed within the space of one year from the making thereof. Comp. Stat. 115.

II. Such a contract, as that set forth in the declaration, is an agreement for the sale of an interest in, or concerning lands, tenements, or hereditaments; on which, while it remains executory, no action can be maintained, unless the agreement, or some memorandum thereof, be in writing and signed by the parties, or some one thereto lawfully authorized. Comp. Stat. 166, § 4. *Voluntine* v. *Godfrey*, 9 Vt. R. 189-90.

REDFIELD, J.—Upon the question, whether this contract is concerning an interest in land, the court express no opinion.

The case is decided upon that clause of the statute to prevent frauds and perjuries, which requires contracts, not to be performed within one year, to be in writing. The statute is in these words ; " That no suit, in law or equity, shall be brought or maintained upon any agreement, that is not to be *performed* within one year from the *making* thereof."

The case before the court, would seem to come clearly within the terms of the statute. The contract, in this case, was clearly not to be "*performed*," i. e. *completed*, within one year from the "making thereof." Such was the decision of this court in the case of *Squire* v. *Whipple*, 1 Vt. R. 69. Such is the language of Lord Ellenborough, in *Boydell* v. *Drummond*, 11 Easts' R. 142. It has been argued that an inchoate performance within the year is sufficient to take the case out of the statute, but the word is " performed," which, *ex vi termini*, must mean the complete performance, or full consummation of the work. The case

WINDSOR,
*February*,
1839.

Hinckley
*v.*
Southgate.

of *Bracegirdle* v. *Heald*, 1 B. & A. 722, is almost the very case now in judgment, and was held to be clearly within the statute.

It is, indeed, not true, that every contract which shall happen not to be performed within the year from the making, is therefore, within the statute. If the time of performance depends upon a contingency, which may reasonably be expected to happen within the year, the contract is not required to be in writing. If the promise be to pay so much money on the return of a ship, which ship happened not to return within two years, the case was held not within the statute. Anonymous, 1 Salkeld, 280. In *Fenton* v. *Emblers*, 3 Burrow's R. 1278, Denison J., says, the statute only extends to those cases, which are "specifically agreed not to be performed within the year." It is doubtless true, that the statute does not extend to any case, where the time of performance is uncertain, but is expected to come, or may probably, come within one year. In such case the parties might be said to act in good faith, in relation to the requisitions of the statute, in not reducing their contract to writing. But where the contract is not expected to be performed within the year, but depends upon a contingency, which may, by mere possibility, occur within the year, it would seem but a reasonable strictness of construction, to require the contract to be reduced to writing. Such was, in effect, the case of *Boydell* v. *Drummond*, 11 Easts. R. 142. 1 Swift's Dig. 263.

Judgment affirmed.