ENOCH BLANCHARD *v.* WILLIAM A. WEEKS.

*Statute of Frauds.    Contract not to be performed within a year.*

A memorandum in writing, as required by the statute of frauds, is necessary only when it appears by the whole tenor of the agreement that it is *not* to be performed within a year.

A contract by W. "to refrain from the practice of medicine and surgery at McIndoe's Falls while B. should reside and practice medicine and surgery at said McIndoe's Falls, and forever," *may* be performed within a year, and therefore need not be in writing.

CASE. The declaration alleged that prior to December, 1856, the defendant had been for a long time, to wit, seven years, a resident practicing physician at McIndoe's Falls; that the plain-tiff was then a physician and surgeon residing at Peacham; that

in consideration of seven hundred dollars paid by the plaintiff to the defendant, the defendant sold and delivered to the plaintiff one buggy wagon, one gig, one harness, two sleighs, and all the medicines, surgical instruments, medical books and office furniture, then belonging to the defendant, and also promised to " sell to the plaintiff his, the said defendant's, good will in the practice of medicine and surgery at said McIndoe's Falls, *and to refrain from practice of medicine and surgery at said McIndoe's Falls, while the plaintiff should reside and practice medicine and surgery at said McIndoe's Falls, and forever;* and the declaration alleged a breach of the contract in this, that the defendant did not refrain from the practice of medicine and surgery at McIndoe's Falls, but erected a sign at McIndoe's Falls, and held himself out as a physician and surgeon, and entered upon practice, &c. Plea, the general issue, and trial by jury, December term, Caledonia County, 1860, POLAND, Ch. J., presiding.

On trial the plaintiff offered parol proof to establish the contract set up in the declaration, to which the defendant objected, claiming that the contract was one required by the statute of frauds to be in writing. The court overruled the objection and admitted the evidence, to which decision the defendant excepted. The contract was then proved wholly by parol evidence. The jury returned a verdict for the plaintiff.

*Jonathan Ross,* for the defendant.

*B. N. Davis,* for the plaintiff.

PIERPOINT, J. It is insisted by the defendant that the contract declared on, not being in writing, is within the statute of frauds, as being one not to be performed within a year. The particular branch of the contract on which this action is based, and for the breach of which the suit is brought, is that wherein the defendant stipulates that he will " refrain from the practice of medicine and surgery at McIndoe's Falls, while the plaintiff should reside and practice medicine and surgery at said McIndoe's Falls, and forever."

This stipulation in its character is strictly personal, to be per-

formed by the defendant himself, and one which can never become binding upon his representatives, or any other person. It is not to be performed by any active agency of the defendant, but only requires a passive acquiescence in its provisions. It is binding upon the defendant while he lives, but at his death all obligation terminates ; the end sought to be attained by it is fully accomplished, and the contract is then performed. Although the expressions are that the defendant will refrain from the act *forever*, it is but saying that he will not do the act, the obligation of which ceases at his death. It is a contract therefore to be performed during the life of the defendant, and if not violated during his life-time, is fully performed at his death.

Is a contract that is to be performed during the life-time of the contracting party, within the statute ? A construction was given to the English statute which in its terms is precisely like ours, at an early day. The case of *Fenton* .v. *Embler*, 3 Burr. 1278, was where May, the testator, agreed by parol with the plaintiff, Sarah Fenton, to pay her wages at and after the rate of six pounds for one year, and also by his last will and testament to give and bequeath to the said Sarah a legacy or annuity of sixteen pounds by the year. The said Sarah entered the service of the testator, and continued therein to the time of his death, a period of over three years. As the testator did not leave her the legacy, 'the action was brought to enforce the agreement. And it was held that the contract was not within the statute. DENNISON, J , says : " the statute of frauds plainly means an agreement *not* to be performed within the space of a year, and expressly and specifically so agreed. A contingency is not within it, nor a case that depends upon contingency. It does not extend to cases where the thing *only may* be performed within the year." And in the course of his opinion the learned judge quotes with approbation from the opinion in *Peter* v. *Compton*, Skinner 353, the following : " Where the agreement is to be performed upon a contingent, and it does not appear within the agreement that it is to be performed after the year, then a note in writing is not necessary, for the contingent might happen within the year, but

when it appears by the whole tenor of the agreement that it is to be performed after the year, then a note is necessary, otherwise not."

The case of *Fenton* v. *Embler*, was one in which the contract could only be performed by the death of the party, thereby giving effect to a will containing the stipulated legacy. His death was the only contingency upon the happening of which within the year the agreement would be performed.

The case of *Boydell* v. *Drummond*, 11 East 142, recognizes the same doctrine; and although the court held the contract within the statute, it was expressly on the ground that by the. terms of the agreement it was not to be, and could not legally be, performed within the year.

In *Wells* v. *Horton, Exr.*, 4 Bing. 40, the agreement was, that the executor of the party should, after his decease, as such executor, pay to the other 10,000 pounds; this was held not to come within the statute. BEST, CH. J., says: " If I were to keep out of view all the ²decisions, I should say this was not a case within the statute. The plain meaning of the words of the statute is confined to contracts which, by agreement, *are not* to be carried into execution within a year." PARK, J., says, in the same case, " the thing rests on contingency, and clearly may be performed within a year." BURROUGH, J., says, " This question has long since been set at rest, and I hope will not be again disturbed."

These cases show very conclusively that the construction placed upon the English statute is, that contracts, the performance of which are dependent upon a contingency that may happen within a year, are not within its operation; and also that the death of a party is such a contingency that a contract, dependent thereon for its performance, is not within the statute.

The same doctrine is recognized in *More* v. *Fox*, 10 Johns. 244; *McLees* v. *Hale*, 10 Wend. 426; *Plimpton* v. *Cruks*, 15 Wend. 336; *Lockwood* v. *Barnes*, 3 Hill 128; *Archer* v. *Zeh*, 5 Hill 200; *Russell* v. *Slade*, 12 Conn. 455; *Blake* v. *Cole*, 22 Pick. 97.

In *Lockwood* v. *Barnes*, BRONSON, J., says: "When, by its terms, the agreement is not to be performed one year from the time it is made, it must be in writing, or it will be void. But if

the agreement be such that the time for performance *may*, although it is highly improbable that it will, arrive within a year, the case is not within the statute."

The supreme court of this State has put substantially the same construction upon our statute. The case of *Hinkley* v. *Southgate*, 11 Vt. 428, was brought upon a contract that could be fully performed only at the expiration of one year from a then fixed future period. This the court held to come clearly within the statute, but in delivering the opinion, REDFILD, J., cites the case of *Fenton* v. *Embler*, and recognizes the doctrine therein laid down. He says, " It is, doubtless, true that the statute does not extend to any case where the time of performance is uncertain, but is expected to come, or may probably come, within one year."

In *Sherman* v. *the Champlain Transportation Co.* 31 Vt. 162, the contract was one that by its terms would extend through an indefinite period of years, unless terminated by the act of one of the parties, who had the right to terminate it when he chose. By the terms of the contract it is evident the parties contemplated it would continue through a period of years, as it did, in fact. But the court held it not to be within the statute. The learned judge, in delivering the opinion, says—" It seems to us very certain, that to the class of cases to which this case properly belongs, that is, when the consummation of the contract depends upon the election of one party, *or any other contingency which may happen within the year*, the statute of frauds has no application."

But it is said there is a distinction in this respect between a contract, where the period of performance depends upon the will of the party, and over which he has a control, and one where it depends upon the death of the party ; and the case of *Tolley* v. *Green*, 2 Sanford Ch. R., is referred to, in which the chancellor says—" It is settled that a parol agreement, which may be performed within a year, is not within the statute. But I believe that there is no reported case which decides that a contract which cannot be performed within a year, except upon a contingency which neither party, nor both together, can hasten or retard, such as the death of one of them, or of a third person, is not within the statute. The possibility of performance in the adjudi-

cations rests upon human effort or volition—not upon providential interference." And he cites in support of the position many of the cases above referred to, and among them *Fenton* v. *Embler* and *Wells* v. *Horton*, in both of which the death of three of the parties were the very contingencies on which the peformance depended, and in the other cases so cited, no allusion whatever is made to any such distinction.

Such a distinction is directly at variance with the English decisions above referred to, and no allusion is made to any such distinction in the cases in this State, and I am wholly unable to see upon what ground such a distinction can be based. The event is clearly no less uncertain as to time in the latter than the former case ; the party may terminate the contract, and complete its performance during the year ; by omiting to do so, it may become fixed and permanent, extending in its operation not only through the lifetime of the party, but through all time. In the former case the event must happen at some time,—the period must arrive when the contract, according to its terms, is to be performed and completed, and this event may as naturally happen within a year as at any other period, and is one that from its very uncertainty all may look upon, as it may happen within the year.

The judgment of the county court is affirmed.