# CHARLESTON.

RECKLEY *v.* ZENN *et als.*

Submitted February 24, 1914.   Decided April 7, 1914.

FRAUDS, STATUTE OF—*Contract to be Performed in One Year.*

A verbal contract the terms of which do not expressly provide for performance beyond a year or by fair and reasonable construction contain anything inconsistent with complete performance within that time, is not within the statute of frauds.

Error to Circuit Court, Tucker County.

Action by W. E. Reckley against Phillip Zenn and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*A. J. Valentine,* and *Arnold & Arnold,* for plaintiffs in error.

*C. O. Strieby,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff claims recovery under an alleged verbal contract with defendants, partners as the Elk Lick Lumber Company. Defendants submit that a contract is not proved, and that in any event the alleged contract is within the statute of frauds as one not to be performed within a year.  On these grounds they seek a reversal of the judgment which plaintiff obtained below.

The evidence on the question as to whether the alleged contract was actually entered into by a meeting of the minds of the parties is conflicting oral testimony involving the credibility of witnesses who testified in the presence of the jury.  It was within the province of the jury to find that plaintiff had such agreement with defendants as he claimed.

The contract, which by the verdict may be assumed as proved, is that plaintiff for his services as sole manager of the timber operation of defendants was to be paid by them the sum of $125 per month, and in addition, if plaintiff remained with them until they were through with the operation, two percent on the net proceeds of all sales made of lumber during plaintiff's management and the same percent on the proceeds of a sale of the equipment and remaining stumpage. The monthly sum was regularly paid and is not involved in this suit. Only the right to the percentage is here litigated. Plaintiff remained in the service until defendants closed out the operation and sold the plant, nearly two years after the time the contract was made.

The case was tried on the theory of recovery on the executed contract. Though the contract were within the statute of frauds, plaintiff might have relied at the trial on the quantum meruit for the work done. *Miller* v. *Wisener,* 45 W. Va. 59. But his making up of the case in his bill of particulars, in the introduction of his evidence, and in the instructions given on his behalf, shows a recovery sought on the force of the contract itself. The jury were called upon to say whether plaintiff was entitled by the terms of the contract to the amount for which it called, not whether he was entitled to a just and reasonable amount for services performed. So we must inquire whether the contract is one on which action can be so based. No action shall be maintained upon an agreement not to be performed within a year. Code 1913, ch. 98, sec. 1. Is the contract between plaintiff and defendants within the statute? We hold that it is not. "This clause of the statute applies to such contracts only as, under a fair and reasonable construction of their terms, do not admit of a valid performance within a year in accordance with the intent of the parties; and a contract whose terms do not expressly postpone performance beyond a year or contain anything inconsistent with complete performance within that period, is not within the statute, although it be likely or expected to extend over a longer time." 29 Amer. & Eng. Enc. Law, 946. The agreement between plaintiff and defendants by its terms does not expressly postpone performance beyond a year. Nor does it contain anything inconsistent with complete performance within that period. Even if it was

likely to extend over a year, or the parties expected it so to extend, they put nothing in the agreement that made it incapable of legal performance within a year. By its terms it could be performed within that time. If the timber operation did not last a year, the contract must be performed within that period. But it is said that there was more timber in connection with the operation than could be handled within a year. There is no word of evidence to show that the parties actually contemplated in the making of the contract that it would take more than a year to get through with the timber operation, so as to make such period of performance a part of the contract. As far as the evidence goes in establishing the agreement, there is nothing to show that more than a year was contemplated for the time of performance as a part of the agreement. The fact that more than a year was consumed in the performance of the agreement, does not suffice to make it one not to be performed within a year. "If an agreement is capable of being performed within a year from the making thereof,—in other words, if the obligation of the contract is not, by its very terms or necessary construction, to endure for a longer period than one year,—the statute does not apply although the contract is not actually performed until after that period, or is capable of indefinite continuance." 2 Elliott on Contracts, sec. 1277.

On the face of the agreement proved in this case the performance contracted for did not extend beyond the year. Nor do any circumstances properly entering into an interpretation of the terms of the agreement bring within the meaning of those terms any intention or contemplation that performance should not take place within a year from that time. Says Mr. Minor: "The agreements contemplated by this clause of the statute are such as *on their face* have the performance postponed *beyond one year,* and not such as may or may not chance to be performed within that period." 3 Minor's Institutes, (2nd ed.), 196. It was no part of the agreement between plaintiff and defendants that the service should continue more than a year, though it did chance to continue longer than that period. For all we know by the terms of the contract and the circumstances proper for a construction of those terms, the parties at the time of the making of the con-

tract may have contemplated that the timber operation would be through in less than a year. Plaintiff on the trial of the case said the operation could not have been gotten through in a year, but neither by him nor by any one else is it proved that at the time the agreement was entered into the parties knew and contemplated that it would take such time to get through with the operation. Nowhere is it shown that a period of more than a year for the performance of the contract entered into the contemplation or intendment of the parties at the time they were contracting, so as to become a part of the terms of the agreement. Besides, "the presumptions are all in favor of the validity of the contract, and oral agreements have been upheld in numerous instances where the parties must have expected that they would not be performed within a year, and performance within the year was not even probable on the ground that consistently with their terms they could not be fully performed within that time." 2 Elliott on Contracts, 1277.

Directly applicable to the facts of the case at hand is the language of Mr. Justice Gray, in *Warner* v. *Texas and Pacific Railway Co.,* 164 U. S. 418: "The parties may well have expected that the contract would continue in force for more than one year; it may have been very improbable that it would not do so; and it did in fact continue in force for a much longer time. But they made no stipulation which in terms, or by reasonable inference, required that result. The question is not what the probable, or expected, or actual performance of the contract was; but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year. No definite term of time for the performance of the contract appears to have been mentioned or contemplated by the parties; nor was there any agreement as to the amount of lumber to be sawed or shipped by the plaintiff, or as to the time during which he should keep up his mill."

The contract was one on which the action could be maintained. Some minor points are raised, but upon the whole the case seems to have been properly and fairly submitted to the jury. Defendants contend that the two percent. should have been made to relate to net profits of the operation as a

whole, not simply to net profits on sales of lumber, and that the two percent on the sale of the plant could not be made to relate to stumpage, but only to the equipment. The jury however, within its province, evidently adopted plaintiff's version and interpretation of the contract in these particulars. We find no error. The judgment is affirmed.

*Affirmed.*