300 S.E.2d 295

**Carl Edward THOMPSON**

v.

**William STUCKEY.**

**Nos. 15552, 15620.**

Supreme Court of Appeals of West Virginia.

Feb. 15, 1983.

Spilman, Thomas, Battle & Klostermeyer, Frederick L. Thomas, Jr., Larry A. Winter and Cynthia L. Turco, Charleston, for Witcher Creek Coal Co.

Lewis, Ciccarello, Masinter & Friedberg and Arthur T. Ciccarello, Charleston, for William Stuckey.

Masters & Taylor and Marvin W. Masters, Charleston, for Carl Edward Thompson.

NEELY, Justice:

This is an appeal from a final judgment order entered in the Circuit Court of Kanawha County after a jury found our appellants, Mr. William Stuckey and the Witcher Creek Coal Company, liable to the appellee for damages of $100,000. We affirm the jury's verdict.

The appellee in this case, Carl Edward Thompson, was hired by one appellant, William Stuckey, to prepare a plot of land located on Witcher Creek in Kanawha County, West Virginia, as a mine site for the other appellant, Witcher Creek Coal Company. Mr. Thompson undertook this work on the basis of an oral promise of Mr. Stuckey to pay him $1200.00 a month, with a bonus of ten cents per ton of coal mined once the mine went into operation. In the event the mine was sold, Mr. Stuckey is alleged to have promised, appellee Thompson was to receive a bonus of "a minimum of $100,000."

Mr. Thompson was evidently paid regularly during the term of his employment; however, the mine was sold before production started, so he never received the ten-cent-a-ton bonus. When the mine was sold, appellee expected "at least $100,000," as allegedly promised, and when no $100,000 was forthcoming, sued successfully for that amount. The petitioners appeal the jury verdict because the contract for the bonus was not to be performed within a year and therefore, they submit, cannot be proven in court because of the statute of frauds.

I

The ancient statute of frauds is codified in West Virginia at *W.Va.Code*, 55–1–1 [1923]. Our statute is derived practically unchanged from its parent statute, which was enacted in England in the 17th century and entitled, "an Act for Prevention of Frauds and Perjuries," 29 Charles II, Chapter 3 (1677). The obvious purpose of the statute was to encourage the reduction to writing of certain types of agreements which are particularly ephemeral of proof, or into which a party is particularly likely to enter in a thoughtless or perfunctory manner. *W.Va.Code*, 55–1–1 [1923] states, most pertinently for our purposes, that "[n]o action shall be brought ... [u]pon any agreement that is not to be performed within a year; [u]nless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged or his agent." There being no writing, this case boils down to whether the contract was to be performed within one year.

The record below indicates that the parties did not contemplate that the contract was to be performed within one year, and that it was not in fact performed within one year. The established law in this State, however, is that the terms of a verbal contract must expressly or by necessary implication provide for performance beyond a year, or contain nothing consistent with complete performance within a year, in order to come within the statute of frauds. *Wood & Brooks Co. v. Hewitt Lumber Co.*, 89 W.Va. 254, 109 S.E. 242 (1921); *Brown v. Western Maryland Ry.*, 84 W.Va. 271, 99 S.E. 457 (1919); *Reckley v. Zenn*, 74 W.Va. 43, 81 S.E. 565 (1914). Furthermore, if an oral contract may, in any possible event, be fully performed according to its terms within a year, it is not within this subdivision of the statute of frauds, *Jones v. Shipley*, 122 W.Va. 65, 7 S.E.2d 346 (1940); *Wood & Brooks Co. v.*

486

*Hewitt Lumber Co., supra; McClanahan v. Otto-Marmet Coal & Mining Co.,* 74 W.Va. 543, 82 S.E. 752 (1914); *Reckley v. Zenn, supra;* and it is only necessary that the contract be capable, by reasonable construction, of full performance by one side within a year in order to remove it from the statute of frauds. *Smith v. Black,* 100 W.Va. 433, 130 S.E. 657 (1925). The authorities, though some are quite ancient, are substantially in accord with our view.[1]

In the case before us, it was not contemplated by the parties that the contract *would* be performed within a year, nor was the contract *actually* performed within a year. Yet, since the contract arguably *could* have been performed within a year, by the strict application of our prior cases the trial court was correct in permitting the case to go to the jury.

The facts of this case, however, present us with an analytical quandary. Our reading of the record indicates that the plaintiff was a credible witness; his actions during all the time up to the bringing of this suit were consistent with a sincere conviction that he was justly owed a bonus; and, the terms of the alleged bonus are not inherently unreasonable since the plaintiff appears to have been paid at less than the going rate for his skills during his term of employment.

Nonetheless, the oral testimony of the beneficiary alone is a slender reed upon which to support a judgment of this size. The purpose of the statute of frauds "was and is to make difficult the establishment of perjured and fraudulent claims ...." The method of making perjured claims difficult, under this type of statute, is to refuse to admit oral testimony as to the existence of terms of certain classes of contracts." P.R. Conway, *Outline of the Law of Contracts* 390 (3rd ed., 1968). The statute reflects a judgment that parol evidence of certain types of agreements is so inherently suspect that it should not even be presented to a jury, an institution otherwise generally considered capable of distinguishing fact from invention. On these matters, the statute implies, even a jury cannot be trusted to recognize truth.

We are reluctant, however, to disturb the terms of the "capable of performance" exception to the statute of frauds, crafted by our remote predecessors and reinforced by each new court since before living memory up until our own time. If today we change the rule to exact stricter compliance with the statute, tomorrow we will have a case where, though there is overwhelming oral evidence of a contract such that its terms are proven beyond a doubt, the statute will foreclose enforcement. We will then either have to backtrack or countenance an injustice.

■ Courts hate injustice. Inevitably, then, courts will be led by plaintiffs with solid proof of their contracts to a relaxed interpretation of the statute so that unfair advantage will not be taken of the plaintiffs. Also inevitably, however, the relaxed interpretation will allow other plaintiffs with insubstantial evidence to take unreliable claims before a jury. To damp the inevitable vacillation between strict and relaxed interpretation that individual justice demands, we shall henceforth, looking to the policy of the ancient statute of frauds, require more than an entirely mechanical application of the "capable of performance" exception. Where a plaintiff seeks

1. West Virginia's position is supported by the United States Supreme Court, *Warner v. Texas & P.R. Co.,* 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495 (1896); *Walker v. Johnson,* 96 U.S. 424, 24 L.Ed. 834 (1877), and by Texas, *Keystone International, Inc. v. Ingham,* 593 S.W.2d 354 (Tex. Civ.App.1979), New York, *Banker's Trust Co. v. Steenburn,* 95 Misc.2d 967, 409 N.Y.S.2d 51 (1978), Virginia, *Silverman v. Bernot,* 218 Va. 650, 239 S.E.2d 118 (1977), Arkansas, *Cobb v. Southern Plaswood,* 171 F.Supp. 691 (W.D.Ark. 1959) (applying state law), Nevada, *Stanley v. A. Levy & J. Zentner Co.,* 60 Nev. 432, 112 P.2d 1047 (1941), Missouri, *Carlin v. Bacon,* 322 Mo. 435, 16 S.W.2d 46 (1929), and California, *Osment v. McElrath,* 68 Cal. 466, 9 P. 731 (1886).

In opposition are Florida, *First Realty Investment Corp. v. Gallaher,* 345 So.2d 1088 (Fla.D.C. App.1977), Kentucky, *Williamson v. Stafford,* 301 Ky. 59, 190 S.W.2d 859 (1945), Wyoming, *Massion v. Mt. Sinai Congregation,* 40 Wyo. 297, 276 P. 930 (1929), Maine, *White v. Fitts,* 102 Me. 240, 66 A. 533 (1906), Vermont, *Hinckley v. Southgate,* 11 Vt. 428 (1839), and, vacillating, Texas, *Gilliam v. Kouchoncos,* 161 Tex. 299, 340 S.W.2d 27 (1960).

to avoid the condemnation of *W. Va. Code*, 55–1–1(f) [1923],[2] if the disputed contract was not in fact performed within one year by the plaintiff, there should be clear and convincing evidence that the contract in fact exists before the court submits the claim to a jury. This evidence may include circumstantial evidence, apparent reliance, similar practices of the defendant in particular or of the industry in general in similar situations, or anything else that will convince the court that the defendant has been protected from an utterly spurious claim.

## II

Appellant Witcher Creek Coal Company further contends that Mr. Stuckey was without authority to bind Witcher Creek to the alleged bonus agreement, since he was not a stockholder and had not been granted authority by the two stockholders to enter into a bonus contract. We do not agree with this contention.

A principal is bound by acts of an agent if those acts are either within the authority the principal has actually given his agent, or within the apparent authority that the principal has knowingly permitted the agent to assume. *General Elec. Credit Corp. v. Fields*, 148 W.Va. 176, 133 S.E.2d 780 (1963). Furthermore, the actions and statements of an agent who has actual authority to enter into a contract on behalf of a principal will bind the principal to all the elements of that contract, even though particular statements may have been unauthorized. *McDonald v. Cole*, 46 W.Va. 186, 32 S.E. 1033 (1899).

It is apparent from the record that a rather exotic business configuration was adopted for the Witcher Creek operation in order to garner tax advantages for Mr. Stuckey: Mr. Stuckey was the owner of the land, and leased his coal rights to the Witcher Creek Coal Company. The only

stockholders of the Witcher Creek Coal Company were Mr. Stuckey's personal accountant and lawyer. Witcher Creek Coal Company hired Metcoal Inc., a company wholly owned by Mr. Stuckey, to develop the coal site. Loans from local banks and from Metcoal, guaranteed and authorized by Mr. Stuckey, provided Witcher Creek Coal Company the funds with which to pay Metcoal to prepare Mr. Stuckey's mine site.

The jury appears to have concluded that Mr. Stuckey was the *eminence grise* behind this entire operation, and the record provides abundant support for this view. At the very least, Witcher Creek Coal Company's stockholders knowingly gave Mr. Stuckey a free rein in the management of the Witcher Creek coal mining operation. Appellee Thompson certainly had no notice of any limitations on the powers of Mr. Stuckey, and did not, we believe, act unreasonably in failing to inquire further into the exact scope of Mr. Stuckey's authority. *General Electric, supra.*

It was not improper for the court to submit this question to the jury: "When the evidence is conflicting, the questions of whether the relationship of principal and agent existed and, if so, whether the agent acted within the scope of his authority are questions for the jury," Syl. pt. 2, *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958). Furthermore, the trial court's finding as to the existence of an agency relationship, unless supported by insufficient evidence, should not be disturbed. *Flynn v. Yeager*, 89 W.Va. 520, 109 S.E. 604 (1921). We conclude that the evidence was not insufficient, and that the jury was not plainly wrong in refusing to believe that Mr. Stuckey was without apparent authority to contract for the Witcher Creek Coal Company.

## III

Appellee Thompson submits a cross-assignment of error on the basis of

---

**2.** We consider section (f) of *W. Va. Code*, 55–1–1 [1923] to reflect a condemnation of oral evidence in long-term contracts, and not a condemnation of oral contracts in general. Under other sections of the statute of frauds the writing required mainly provides an occasion for the promisor to reflect on the gravity of his or her

pledge. No amount of corroborating evidence should affect our application of these sections of the statute, because no verbal agreement could properly prove to us the required appreciation and knowing adoption of liability by the promisor.

the trial court's refusal to instruct the jury regarding prejudgment interest on the award. *W. Va. Code,* 56–6–27 [1923] provides that "[t]he jury, in any action founded on contract, may allow interest on the principal due...", and *W. Va. Code,* 56–6–31 [1981] provides that "[e]xcept where it is otherwise provided by law, every judgment or decree for payment of money entered by any court of this State shall bear interest from the date thereof...: Provided, that if the judgment or decree, or any part thereof, is for special or liquidated damages, the amount of such liquidated changes shall bear interest from the date the right to bring the same shall have accrued...." Since this action was "founded on contract," we consider *Code,* 56–6–27 [1923] to apply to the matter of prejudgment interest, and not *Code,* 56–6–31 [1981], which by its own terms only applies where the rule concerning interest is not otherwise provided by law.

The appellee is entitled to post-judgment interest at the rate of ten percent as decreed by *Code,* 56–6–31 [1981]. In actions founded on contract, the rule concerning prejudgment interest, however, is otherwise provided at *Code,* 56–6–27 [1923], which specifies that an award of prejudgment interest is discretionary, and is the prerogative of a jury. We may not, therefore, ourselves award interest under this statute on appeal. Nonetheless, it was error for the trial court to refuse to instruct the jury, as requested, that a jury may allow interest on a contract claim. Appellee, therefore, may move for a new trial, should he wish to do so, and the lower court is directed to grant such motion if made.

This case is remanded to the Circuit Court of Kanawha County with directions to grant the appellee a new trial if he so moves. Otherwise, the judgment of the court below is affirmed.

Affirmed with directions.