342 S.E.2d 224
**Michael J. YANERO, et al.**

v.

**James W. THOMPSON, et al.**

No. 16781.

Supreme Court of Appeals of
West Virginia.

April 2, 1986.

James C. West, Jr., Jones, Williams, West & Jones, Clarksburg, for appellants.

Charles G. Johnson, Clarksburg, for appellees.

PER CURIAM:

This is an appeal by Michael and Patricia Yanero, plaintiffs below, from a summary judgment granted against them in the Circuit Court of Harrison County. The circuit court granted the motion for summary judgment on the ground that the civil action instituted by the plaintiffs to enforce an oral agreement was barred by the statute of frauds, *W.Va. Code*, 55-1-1 [1923], and that, therefore, there was no genuine issue of material fact in the case. The appellants contend that the entry of summary judgment was improper. We agree.

The Yaneros brought suit against James Thompson, the appellee, to enforce an oral agreement entered into by Thompson and Michael Yanero under which Yanero was to assist Thompson in acquiring the capital stock of Penn-Western Coal Co., Inc. In return Thompson agreed: (1) to pay Yanero $50,000 ($10,000 of which was to be credited to a loan previously made by Thompson to Yanero); (2) to issue 20% of the stock of Penn-Western to Yanero; and (3) to make Yanero a director of the company. The appellant, Yanero, was aware of Penn-Western's interest in disposing of its stock because he had initially transferred the coal leases which constituted the assets of Penn-Western to the company under an arrangement identical to the one he subsequently entered into with the appellee, *i.e.*, Penn-Western was to pay him $50,000, issue 20% of the stock in the company to him and elect him as a director of the company. When the owners of Penn-Western, a Pennsylvania corporation, decided that they did not want to operate the coal properties in West Virginia they contacted the appellant and requested his assistance in disposing of the Penn-Western stock. To protect his own interest, the appellant sought a buyer for the company's assets. It was in this role that the appellant contacted the appellee and assisted him in buying the Penn-Western stock.

Apparently the circuit court granted summary judgment on the grounds that the oral contract entered into by Yanero and Thompson could not be proven in court under the statute of frauds because it could not be performed within one year. *W.Va. Code*, 55-1-1 [1923] states, in part, that "[n]o action shall be brought ... [u]pon any agreement that is not to be performed within a year; [u]nless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged or his agent." Because there was no writing in this case, the question before us is whether the contract was to be performed within one year.

In syllabus point 1 of *Thompson v. Stuckey*, 171 W.Va. 483, 300 S.E.2d 295 (1983), we stated: " 'An oral contract under terms of which whole performance is possible within a year from date contract was entered into is not within statute of frauds.' *Jones v. Shipley*, 122 W.Va. 65, 7 S.E.2d 346 (1940)."

In *Thompson* we declined to disturb the "capable of performance" exception to the statute of frauds but decided that in the future we shall look to the policy behind the statute and require more than an entirely mechanical application of the exception. We held that the party seeking to avoid the application of the statute of frauds would be required in future cases to establish by clear and convincing evidence that the contract did in fact exist in order to have the claim submitted to a jury; and that evidence of that contract could include circumstantial evidence, apparent reliance,

similar practices in the industry or anything else that would convince the court that the defendant was not being subjected to an utterly spurious claim.

In the case before us the record consists solely of the pleadings and the depositions of the two principal parties, Michael Yanero and James Thompson. In a deposition taken on January 24, 1984, Michael Yanero testified that he and the appellee had entered into the oral contract which is the subject of this proceeding; that although that agreement was identical to the one he had entered into with Penn-Western, each agreement was separate and distinct and had nothing to do with the other; and that the agreement with the appellee was that when the appellee actually bought the assets of Penn-Western he was to give Yanero 20% of the stock of the company and a note for $40,000 which was to be paid out of the mining proceeds of the coal within a reasonable amount of time. Mr. Yanero further testified that approximately two months after he went to Clarion, Pennsylvania with the appellee to discuss a possible sale of the company with the owners of Penn-Western, the appellee signed an agreement to purchase the company. He also testified that his agreement with the appellee was not in writing because he and the appellee were friends, and that he would not have attempted to sell the Penn-Western assets to the appellee had he not thought the appellee would abide by the terms of the agreement.

In his deposition, James Thompson testified that the appellant claimed to own 20% of Penn-Western. When the appellant informed him that the owners wanted to sell the company, Thompson assumed the appellant would receive 20% of the sale of the company and that he, the appellee, was to give him nothing. He admitted that he and the appellant had flown to Clarion, Pennsylvania to discuss the sale of the company with its owners and that there was some dispute in Clarion about the appellant's ownership. The appellee further testified that he did not ever agree to pay the appellant $50,000 if he was successful in acquiring the Penn-Western stock and denied that he agreed to make the appellant a

director of the company. In response to a question dealing with the appellant's alleged ownership of 20% of the company, and whether he would be allowed to retain that 20%, the appellee testified: "We'd have to work out something." As to what he would work out the appellee testified: "I don't know. We never had no dealings on it." Although neither Mr. Thompson nor Mr. Yanero could testify specifically about the date Penn-Western was sold, it is apparent that the appellee purchased the company within several months after the trip to Clarion, Pennsylvania.

In syllabus point 3 of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), our landmark case on summary judgments, we stated: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." And in syllabus point 6 of *Aetna, supra,* we held: "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movement for such judgment."

The purpose of the statute of frauds is to make the establishment of perjured and fraudulent claims difficult by foreclosing enforcement of certain kinds of contracts. Unless a contract is one of those specifically mentioned, however, it is not within the statute and is enforceable in court. Having reviewed the pleadings and the depositions in this case, we are of the view that the court erred in granting summary judgment on the grounds that the alleged contract violated the statute of frauds because it was not to be performed within one year. It is only necessary that the contract be capable, by reasonable construction, of full performance by one side within a year in order to remove it from the statute of frauds. The evidence on this point was conflicting.

Accordingly, the judgment of the Circuit Court of Harrison County is reversed and

the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.