363 S.E.2d 749

**Sandra WITT**

v.

**CLENDENIN LUMBER
and Ray Nicholes.**

**No. 17279.**

Supreme Court of Appeals of
West Virginia.

Dec. 9, 1987.

Belinda S. Morton, Fayetteville, for plaintiff.

Charles E. Hurt, Charleston, for defendants.

**PER CURIAM:**

The plaintiff, Sandra Witt, appeals from a summary judgment of the Circuit Court of Fayette County entered on April 16, 1986, in favor of the defendant, Clendenin Lumber. The plaintiff asserts that there were sufficient disputed facts to avoid the summary judgment. The key issue is one of agency, and we affirm the summary judgment.

The gist of the plaintiff's cause of action was that she had in June of 1983 noticed advertisements placed in the Charleston newspapers by Clendenin Lumber giving prices of Heil air conditioning units as installed by "professional Heil dealers." Another advertisement identified mobile home air conditioning "installed by Ray Nicholes Heating and Air Conditioning Heil Dealer." She alleged in her complaint that she contacted Ray Nicholes who, after checking her home, gave her an estimated price and then installed an air conditioning unit which she claimed came from Clendenin Lumber. After the unit was installed, she was informed by a local maintenance technician that the unit was not properly installed. She claimed that Clendenin was

liable because its advertisement suggested Nicholes was its agent.

In its motion for summary judgment, Clendenin, through its president, filed an affidavit denying any agency with Nicholes. The affidavit pointed out that Clendenin was an authorized distributor of Heil units and that Nicholes was simply one of several authorized dealers to whom it sold Heil units. It also noted that the complaint contained no allegation that Nicholes represented, either expressly or impliedly, that he was an agent of Clendenin.

■ The plaintiff filed no counter affidavits, but took the position in her brief as she does here that the advertisements alone created an implied agency. We agree with the lower court that advertisements do not imply an agency relationship. In *Thompson v. Stuckey*, 171 W.Va. 483, 487, 300 S.E.2d 295, 299 (1983), we addressed the concept of implied agency and indicated the acts must be "within the apparent authority that the principal has knowingly permitted the agent to assume. *General Elec. Credit Corp. v. Fields*, 148 W.Va. 176, 133 S.E.2d 780 (1963)." Here the advertisements spoke only to installation by "professional Heil dealers." There is nothing to suggest that they were Clendenin's agents.

■ In the face of the affidavits of Clendenin and the failure of the plaintiff to file any counter affidavit to raise an issue of knowing permission, we find no genuine issue of material fact and apply the traditional test found in Syllabus Point 4 of *Aetna Cas. and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

"If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact."

For the foregoing reasons, the judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.