**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BILLY K. PHILLIPS; SANDRA S.
PHILLIPS,
<u>Plaintiffs-Appellees,</u>

v.

CONSOLIDATION COAL COMPANY,
<u>Defendant-Appellant,</u>                               <u>No. 97-2180</u>

and

BENJAMIN STATLER, Vice President of
Moundsville Operations of
Consolidation Coal Company,
<u>Defendant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-94-88-5)

Argued: June 3, 1998

Decided: August 6, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Reversed and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Thomas A. Smock, POLITO & SMOCK, P.C., Pitts-
burgh, Pennsylvania, for Appellant. David Allen Jividen, BORDAS,

BORDAS & JIVIDEN, Wheeling, West Virginia, for Appellees. **ON BRIEF:** Sally Griffith Cimini, POLITO & SMOCK, P.C., Pittsburgh, Pennsylvania; William A. Kolibash, PHILLIPS, GARDILL, KAISER & ALTMEYER, Wheeling, West Virginia, for Appellant. James B. Stoneking, BORDAS, BORDAS & JIVIDEN, Wheeling, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Billy Phillips was a mine foreman for Consolidation Coal Company (Consol) for about twenty years until he was fired in 1993. Phillips and his wife sued Consol on breach of contract and other claims, asserting that he had a lifetime oral employment contract with Consol which the company breached by firing him without good cause. The case was tried, and the jury found that Phillips had such a contract and that Consol had breached it. The jury awarded substantial money damages to Phillips. The district court denied Consol's subsequent motion for judgment as a matter of law, and Consol appeals. Because we conclude that Phillips failed to offer clear and convincing evidence that he had a lifetime employment contract or evidence that Consol had a practice of offering such contracts to its foremen, we reverse and remand to the district court with instructions to grant judgment to Consol as a matter of law.

I.

Phillips was hired by Consol as a coal miner in October 1970. At that time Phillips was a member of the United Mine Workers of America (UMWA). Phillips sought certification as a mine foreman in June 1974. This certification would allow him to advance his career while remaining a UMWA member or give him the option of becom-

2

ing a non-union foreman. While Phillips was studying to obtain his certification, he was approached by John Stock, superintendent of the McElroy mine where Phillips worked. Stock offered to hire Phillips as a foreman, a salaried (non-union) position, and to send him to school for further training.

According to his testimony at trial, Phillips expressed concerns that he would lose job security as a non-union employee. Stock allayed Phillips's concerns by stating that "we have 50 years work here" and "[a]s long as you do your job, you don't have anything to worry about." Shortly thereafter, Phillips attended Consol's foreman school in Moundsville, West Virginia. There, Walt Mueller, an instructor, indicated to Phillips that "[t]here is no reason in the world" why he could not stay at the mine until he retired and that"[y]ou have to give the company a pretty good reason to terminate you." Based on these statements, Phillips testified that he had an oral lifetime employment contract with Consol. Consol disputed that these statements were ever made, and both Stock and Mueller testified that they never offered a lifetime contract to Phillips.

In May 1993 the UMWA struck and coal mining operations shut down across West Virginia. Consol ordered Phillips and the other foremen to cross the picket lines and mine coal themselves in order to continue production. Some of the striking miners reacted with hostility to foremen crossing their picket lines. Phillips and his wife testified that striking mine workers stalked both of them and made escalating threats of violence against them. Fearing retaliation from the strikers, Phillips decided to call in sick and refused to return to work. Consol then fired him for absenteeism.

At trial Phillips produced Russell McMahon, a fellow foreman at Consol, who testified that he (McMahon) had received a similar promise of lifetime employment from Consol. Consol attempted to impeach McMahon's testimony by referring to his deposition, in which McMahon indicated that he had never received a promise of lifetime employment.

The jury found both that Phillips had a lifetime employment contract and that Consol breached that contract by firing him. It awarded Phillips $717,000 in damages for past and future lost wages. Consol

3

moved for a judgment as a matter of law, arguing that the evidence was insufficient for a reasonable jury to find that an oral lifetime employment contract existed. The district court denied the motion, and Consol now appeals.

II.

We review the denial of the motion for judgment as a matter of law de novo, viewing the evidence in the light most favorable to Phillips. See Freeman v. Case Corp., 118 F.3d 1011, 1014 (4th Cir. 1997). If Phillips failed to demonstrate a prima facie right of recovery on his alleged oral employment contract, Consol is entitled to judgment as a matter of law despite the jury's verdict. See Adkins v. Inco Alloys Int'l, Inc., 417 S.E.2d 910 (W. Va. 1992), syl. point 5; cf. Thacker v. Peak, 800 F. Supp. 372, 383-84 (S.D.W.Va. 1992) (granting summary judgment to employer where employee could not make prima facie case for recovery on an oral employment contract). As this case is in federal court under diversity jurisdiction, we must apply West Virginia law.

West Virginia follows the majority rule that an employee is presumed to have an at-will employment relationship and must carry the burden to rebut that presumption. See Suter v. Harsco Corp., 403 S.E.2d 751, 754 (W. Va. 1991) ("[A]ny promises alleged to alter [the at-will presumption] must be very definite to be enforceable" (emphasis in original)). "[L]ifetime employment contracts are extraordinary and . . . an offer for lifetime employment must be expressed in clear and unequivocal terms before a court will conclude that an employer intended to enter into such a weighty obligation." Williamson v. Sharvest Management Co., 415 S.E.2d 271, 274 (W. Va. 1992) (citations omitted). In order to enforce an alleged lifetime employment contract, the employee must establish his claim by clear and convincing evidence. See Adkins, 417 S.E.2d at 910, syl. point 3.

Phillips argues that Consol gave him a lifetime oral employment contract that it later breached by firing him without good cause. This assertion is based on the statements by Stock and Mueller that Consol had fifty years of work at the mine and that "[a]s long as you [Phillips] do your job, you don't have anything to worry about." Phillips

4

presented no evidence directly corroborating his claim that his own contract was for life.

An employee cannot satisfy the clear and convincing evidentiary burden by offering nothing more than his own testimony. "`[T]he oral testimony of the beneficiary alone is a slender reed upon which to support a judgment' based on breach of an oral contract." Thacker, 800 F. Supp. at 383 (quoting Thompson v. Stuckey , 300 S.E.2d 295, 298 (W. Va. 1983)). If Phillips's claim is based solely on his uncorroborated testimony and he can present no additional evidence of the existence of the contract, his claim must fail. See Thacker, 800 F. Supp. at 384.

The only other evidence that Phillips presented to support his claim was McMahon's testimony. McMahon testified that he was told that Consol "had coal therefore a hundred years and I[McMahon] had a job for life." McMahon further testified that he took that to be a promise of a job for life. Phillips claims that this testimony (his and McMahon's) demonstrates that Consol had a practice of forming lifetime oral employment contracts with its foremen. Evidence that an employer has a practice of offering lifetime employment contracts may sufficiently corroborate an employee's lifetime contract claim to permit the matter to go to a jury. See Thacker , 800 F. Supp. at 384. However, under West Virginia law the testimony of another isolated witness is insufficient to establish that an employer has the practice of issuing oral lifetime employment contracts. Rather, the employee must show "that the practice occurred a sufficient number of times to indicate a regular course of business and under conditions that were substantially the same as the circumstances in the case at issue." Adkins, 417 S.E.2d at 918.

Again, the only support Phillips presents for his argument about Consol's alleged practice of giving lifetime employment contracts to its foremen is his testimony and the testimony of one other foreman, McMahon. Neither Phillips nor McMahon offered any tangible evidence to support their individual contract claims. Two employees with unsupported assertions of lifetime oral employment contracts are hardly a sufficient number of occurrences to establish a regular course of business. As a matter of (West Virginia) law, this isolated testi-

5

mony is not sufficient to demonstrate that Consol had a general practice of giving these extraordinary contracts to its foremen.*

Phillips has failed to present clear and unequivocal evidence of his claim that he received a lifetime employment contract. He also has not shown that Consol followed a practice of offering lifetime employment contracts to its foremen. Therefore, Phillips failed to establish a prima facie claim for recovery on his alleged contract. The damage award was predicated solely on the jury's erroneous finding that a lifetime employment contract existed. Accordingly, we must reverse the judgment and remand to the district court with instructions to grant judgment as a matter of law to Consol.

REVERSED AND REMANDED WITH INSTRUCTIONS

_____

*Consol also argues there were various evidentiary errors at trial, including the argument that the district court improperly prevented Consol from presenting evidence that would demonstrate that Consol did not have the practice of offering lifetime employment contracts. Because we reverse the district court's denial of judgment as a matter of law, we need not reach these issues.